### MOUSER v PUB UTILITIES COMM
### ROGERS v PUB UTILITIES COMM
### MOORE v PUB UTILITIES COMM

Ohio Appeals, 2nd Dist, Franklin Co Nos 1962, 1963, 1964. Decided Mar 26, 1931

Harry N. Routzohn, Helen D. Bergin, Columbus and J. A. Finney, Xenia, for plaintiffs in error.

Gilbert Bettman, Columbus, and T. J. Herbert, Cleveland, for Comm.

HORNBECK, J.

We have examined carefully the somewhat extended and carefully prepared briefs of counsel and the cases therein cited. We have also read and considered the opinion of Judge Scarlett and believe that he has completely and effectually given consideration to all questions urged in this court and that we can add little, if anything, to his opinion.

We, therefore, adopt it.

So long as the case of Brown v Walker, 161 U. S., 591 stands unreversed and unmodified we are constrained to hold that the immunity provision included in §614-39 GC, is a complete guaranty to plaintiffs in error of all constitutional rights involved. It is true that the dissenting opinion, in which three members of the court concur, is a strong exposition of the proposition for which plaintiffs in error contend in this case but the adjudication is made by the majority.

It is asserted, however, that, granting that Brown v Walker is controlling, the trial court erred in determining that the immunity provisions in the Interstate Commerce Act, which was under consideration by the United States Supreme Court, were the same or had the same effect as those to be found in §614-39 GC. This claim, in our judgment, is not well made. The only difference in the two sections is that the Interstate Commerce Act reads:

"But no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing, **concerning which he may testify or produce evidence, documentary or otherwise** before said Commission or in obedience to its subpoena."

Whereas the Ohio Statute reads:

"But no such person shall be prosecuted or subjected to any penalty or forfeiture for, or on account of, any transaction, matter or thing, **concerning which he may have testified or produced any documentary evidence.**"

It will be noticed that the statutes are identical insofar as they provide for immunity as to any matter or thing concerning which the witness may testify. If any difference is to be found it is subsequent to this language. Therefore, in the instant case, if there is any difference, which we do not find, it would have no application because answers to the questions propounded would have included oral testimony only.

We find no error in the record prejudicial to plaintiffs in error and the judgments will, therefore, be affirmed.

ALLREAD, PJ, and KUNKLE, J, concur.