IN RE NEWTON.

[Cite as In re Newton, 12 Ohio App. 2d 191.]

(No. 10228—Decided October 30, 1967.)

■■■■■■■■■■■

■■■■■■■■■

*Mr. William A. McClain, Mr. Ralph E. Cors* and *Mr. Simon E. Leis, Jr.*, for appellant.

*Mr. Albert R. Fingerman,* for appellee Larry Daly Newton.

LONG, P. J. This case arises out of the prosecution of one Frank Reany in the Municipal Court of Cincinnati. Defendant in that case was charged with selling intoxicating liquor to a minor. Petitioner, Larry Daly Newton, was called as a witness on behalf of the state. The only really relevant testimony which could be obtained from this witness was that the witness purchased liquor from Reany; that the witness was a minor; and/or that he saw Reany make sales of liquor to his companions who were minors.

It must be kept in mind that at the time Newton was put on the stand, he was sixteen years of age, was charged with being a juvenile delinquent, and was also under indictment by the Hamilton County grand jury for manslaughter, the latter charge resulting from a fatal assault administered by Newton and some juvenile companions.

It appears from the record that the witness was advised by his lawyer that he should answer only the questions as to his name and residence, and that he should refuse to answer any other questions for the reason that answers to any other questions would tend to incriminate him.

The Municipal Court disagreed with this advice of Newton's lawyer and, upon insistence of refusal to answer any other questions, the court found him in contempt. As a result of this, a writ of habeas corpus was granted by the Common Pleas Court of Hamilton County, and Newton was discharged of the contempt. The state, through the prosecuting attorney, appeals the judgment in the habeas corpus proceeding to this court. A complete bill of exceptions of the proceedings in the Court of Common Pleas is before us.

We cannot agree with the reasoning of the Common Pleas Court that, where a witness refuses to answer a question on the ground that the answer would tend to incriminate him, the court

has no power to compel an answer. If inquiry can be made, which does not invade the immunity of the witness and it appears to the trial court that his answer would not have the tendency claimed by the witness, then he should answer or otherwise be in contempt. The Supreme Court of the United States in *Hoffman* v. *United States,* 341 U. S. 479, says the same thing in another way: "It is for the court to say whether his silence is justified, *Rogers* v. *United States,* 340 U. S. 367."

As we read the record in this case, the only examination of the petitioner, which was available to the state, was: "What is your age?" and "Did you purchase any intoxicating liquor from Reany?" and "Did you see him sell any intoxicating liquor to any other minors, your associates?"

While we feel that the Common Pleas Court may have given the wrong reason for arriving at its judgment, its judgment was correct. The evidence in this case discloses unmistakenly that to compel this witness to testify that he purchased liquor from Reany would be tantamount to an admission of his delinquency when he is required to meet this charge in Juvenile Court; likewise, if he testified that he was in the saloon and saw Reany sell intoxicating liquor to his minor companions, this could be damaging in his delinquency trial, and it certainly could have been used by the jury in implying that he drank some of the liquor he purchased which might have aggravated the assault resulting in the death which caused his conviction of manslaughter.

*Judgment affirmed.*

HOVER and HILDERBRANT, JJ., concur.