THE STATE OF OHIO, APPELLEE, *v.* BROADY, APPELLANT.

(No. 74AP-149—Decided July 23, 1974.)

*Mr. George C. Smith,* prosecuting attorney, *Mr. Miles C. Durfey,* and *Mr. Allen C. Travis,* for appellee.

*Mr. David E. Long,* for appellant.

WHITESIDE, J. This is an appeal from an order of the Franklin County Court of Common Pleas overruling defendant's motion for a new trial upon the grounds of newly-discovered evidence.

Defendant was convicted on two counts of first-degree

murder arising out of a single killing. He appealed and this court affirmed, in the unreported decision rendered in *State v. Broady,* No. 74AP-7, Court of Appeals for Franklin County, July 9, 1974 (1974 Decisions, page 1668).

There were several eyewitnesses who identified defendant as the killer and whose testimony was sufficient to establish either that defendant, or someone who resembled him so closely as to be his "double" was the assailant involved.

In a Perry Mason like manner, defense counsel filed a motion for a new trial upon the grounds of newly-discovered evidence—such evidence being that of a person who was with the assailant, and who allegedly would testify that another person was the assailant. Unfortunately for defense counsel, they have encountered an obstacle which Perry Mason never was forced to overcome. Although the witness talked to defense counsel, he refused to testify before the court, asserting, instead, the privilege against self-incrimination. The trial court overruled the request of defense counsel that the witness be granted immunity from the use of his testimony, pursuant to R. C. 2945.44. Without the availability of the testimony of the witness, whose existence constituted the very foundation—the newly-discovered evidence—upon which the motion was based, the trial court overruled the motion, and defendant appeals to this court. In support of this appeal, defendant originally raised four assignments of error, as follows:

1. "The court erred in not granting a new trial on the basis of newly discovered evidence and in not granting immunity to Edward John Clark to testify regarding his knowledge of the murder of John Georgeff."

2. "The court erred in allowing Mr. Timothy Gerrity, Attorney at Law, to invoke the attorney-client privilege regarding a conversation between Mr. Gerrity's client and another person during which conversation Mr. Gerrity was present."

3. "Because it was the right of Edward John Clark not to be a witness against himself, therefore the court should have considered as evidence those statements made

by Mr. Clark as a declaration against interest exception to the hearsay rule.''

4. ''The court erred in overruling defendant-appellant's motion for a new trial since the circumstances set out by Mr. Clark were those which could be observed only by someone who was present at the time.''

After the filing of plaintiff's brief herein, defendant filed a supplemental brief asserting a fifth assignment of error as follows:

5. ''The state erred in not contacting defense counsel upon learning of the information relative to the murder of John Georgeff and in intimidating the witness by having a homicide detective interrogate him without having contacted the witness' attorney and in the absence of that attorney causing a denial to the defendant-appellant of his Fifth, Sixth, and Fourteenth Amendment rights.''

Appellee, in turn, filed a motion to strike the fifth assignment of error upon the grounds that it did not comply with the appellate rules and covered matters not in the record. The record does not support the allegations of the fifth assignment of error, and there is no indication in the record that this contention was raised before the trial court. Finding no support for the fifth assignment of error in the record, it is not well taken, and, accordingly, the state's motion to strike it is sustained.

The first assignment of error raises two issues. First, whether the trial court erred in not granting a new trial, and, second, whether the trial court erred in not granting immunity to Edward John Clark.

The first portion of the first assignment of error is not well taken. In the absence of the testimony of Edward John Clark, there is no basis for the granting of a new trial upon the grounds of newly-discovered evidence because that evidence consists primarily of his testimony.

It appears that, subsequent to defendant's trial and conviction, defense counsel were advised by Clark's attorney that Clark had information concerning the Georgeff murder. Clark, at the time, was incarcerated in the county jail, having recently been convicted in the federal court of

robbery. Defense counsel talked with Clark at the county jail after Clark's counsel had advised him of his rights. Clark told defense counsel that he was one of the two men who entered Georgeff's Bar on the date in question and that the other man, the assailant who killed Georgeff, was not Broady but one Donald Boyd. According to defense counsel, Clark stated that he, Boyd, and one Arthur Lee Banks, drove around on the east side in Banks' Buick and eventually parked in the vicinity of Georgeff's Bar. He further stated that Boyd got a pistol from the trunk of the car and went in the bar. A few minutes later, Clark followed Boyd in and, observing Boyd at the bar, went to the telephone booth, pretending to use the telephone while trying to get Boyd's attention. However, Boyd pulled his gun, ordered everyone to the bar and, in the process, shot Georgeff. Boyd and Clark then left the bar and jumped in Banks' car.

Also testifying was a detective of the Columbus Police Department who had also talked with Clark. The detective's testimony varied only as to the source of Clark's information. Apparently, Clark told essentially the same story to the detective, but denied personally being present. However, he indicated that he was told this information, apparently by Boyd, the claimed assailant.

Defendant attempted to place Clark on the stand and let him testify personally, rather than relying upon the statements that he had made to defense counsel and the detective, which, although apparently not varying as to detail, varied as to whether Clark had personal knowledge of the events. Defense counsel then called Clark to testify and asked him two questions, to both of which Clark evoked the Fifth Amendment privilege against self-incrimination. The first question was whether Clark was in or about the premises of Georgeff's Bar in the early morning hours of July 21, 1973. The second question was whether Clark knew who shot Georgeff in the early morning of July 21, 1973.

Defense counsel sought immunity for Clark pursuant to R. C. 2945.44, but such request was denied by the trial court. The state contends that only the prosecution can

seek immunity for a witness and that the request must be denied upon that basis alone. It further contends that it would not be in the interest of justice to grant immunity to Clark. R. C. 2945.44 reads as follows:

"Immunity of witnesses turning state's evidence. Whenever the testimony or other evidence in possession of a person is necessary to a full and complete investigation of any criminal conduct, or to secure or successfully maintain and conclude a prosecution, and when in such case it appears in the interests of justice to do so, a judge of the court of common pleas or court of appeals, or a justice of the supreme court may grant to such person immunity from any prosecution based on his testimony or other evidence given by him, other than a prosecution for perjury or tampering with evidence."

At the outset, it must be made clear that the immunity that may be granted pursuant to R. C. 2945.44 is not immunity from prosecution for a crime. Rather, it is a "use" immunity not a "transaction" immunity. In other words, immunity granted pursuant to R. C. 2945.44 would only preclude the use of Clark's testimony given under the immunity as a basis for prosecution. Compelling testimony under a grant of immunity from the use of such testimony against the witness in any subsequent prosecution is consistent with the Fifth Amendment privilege against self-incrimination. In *Kastigar* v. *United States* (1972), 406 U. S. 441, it is stated, at page 453:

"The statute's explicit proscription of the use in any criminal case of 'testimony or other information compelled under the order (or any information directly or indirectly derived from such testimony or other information)' is consonant with Fifth Amendment standards. We hold that such immunity from use and derivative use is coextensive with the scope of the privilege against self-incrimination, and therefore is sufficient to compel testimony over a claim of the privilege. While a grant of immunity must afford protection commensurate with that afforded by the privilege, it need not be broader. Transactional immunity, which accords full immunity from prosecution for the of-

fense to which the compelled testimony relates, affords the witness considerably broader protection than does the Fifth Amendment privilege. The privilege has never been construed to mean that one who invokes it cannot subsequently be prosecuted. Its sole concern is to afford protection against being 'forced to give testimony leading to the infliction of "penalties affixed to criminal acts." ' Immunity from the use of compelled testimony, as well as evidence derived directly and indirectly therefrom, affords this protection. It prohibits the prosecutorial authorities from using the compelled testimony in *any* respect, and it therefore insures that the testimony cannot lead to the infliction of criminal penalties on the witness.''

R. C. 2945.44 does not expressly state that immunity may be granted a witness upon the request of a defendant in a criminal case. Neither does it state expressly that immunity may be granted only upon the application of the prosecutor. However, the Code of Professional Responsibility, adopted by the Supreme Court of Ohio, with respect to the duties of the prosecutor, gives some insight into the policies to be applied. EC 7-13 of that code provides:

''The responsibility of a public prosecutor differs from that of the usual advocate; his duty is to seek justice, not merely to convict. This special duty exists because: (1) the prosecutor represents the sovereign and therefore should use restraint in the discretionary exercise of governmental powers, such as in the selection of cases to prosecute; (2) during trial the prosecutor is not only an advocate but he also may make decisions normally made by an individual client, and those affecting the public interest should be fair to all; and (3) in our system of criminal justice the accused is to be given the benefit of all reasonable doubts. With respect to evidence and witnesses, the prosecutor has responsibilities different from those of a lawyer in private practice: the prosecutor should make timely disclosure to the defense of available evidence, known to him, that tends to negate the guilt of the accused, mitigate the degree of the offense, or reduce the punishment. Further, a prosecutor should not intentionally avoid pursuit of evi-

dence merely because he believes it will damage the prosecution's case or aid the accused.''

Justice would seem to require that immunity from prosecution based upon the testimony of a witness should not be denied solely because such testimony would tend to exonerate a defendant in a criminal case, and be granted only when such testimony would tend to convict the defendant. The key consideration set forth in R. C. 2945.44 is whether or not ''the interests of justice'' are served by the granting of immunity based on the testimony of a witness, whether such evidence is favorable, or adverse to a defendant in a criminal case.

In the instant case, there is no indication that there is any intent to prosecute Clark for any crime in connection with the events that occurred at the Georgeff Bar and Grill on July 21, 1973. On the contrary, every indication is that there is no present intent to prosecute him. The testimony of the police detective would indicate that Clark was not involved but had information as to who was involved, and, in effect, that person admitted the crime to Clark. On the other hand, the evidence of defense counsel indicates that Clark was present and involved with the assailant, although he did not directly participate in the murder. Also, there is no indication of any connection between Clark and Broady, the defendant herein.

Furthermore, it would seem that any evidence that might be obtained against Clark could readily be obtained through the use of his statements to defense counsel herein without the necessity of resorting to his testimony on behalf of Broady. Clark is entitled to no immunity for his statements made to defense counsel. On the other hand, it is only through the testimony of Clark that the trial court can properly evaluate the motion for a new trial upon the grounds of newly-discovered evidence and ascertain whether or not that evidence is sufficient to justify the granting of a new trial. Under the circumstances herein, defense counsel is not able to obtain an affidavit of Clark to be submitted pursuant to Crim. R. 33(A)(6), unless Clark is granted the limited type of immunity provided by R. C.

2945 44. Under the circumstances of this case, justice would be better served by the testimony of Clark, subject to cross-examination by the prosecutor, than by an affidavit of Clark. There is also no indication as to whether or not the eyewitnesses would change their identification of defendant were they shown either Boyd in a lineup, or his photograph among a series of photographs or whether Boyd so closely resembles Broady as to suggest that there may have been a mistaken identification. If a new trial is granted, these are issues that would necessarily be submitted to the trier of the facts.

Defendant has been thwarted in his efforts to submit these issues to the trial court for a proper evaluation of his motion for a new trial upon the grounds of newly-discovered evidence by the lack of availability of direct testimony from Clark.

Since the prime objective of prosecution, both from the standpoint of the court and the prosecutor, is "to seek justice, not merely to convict," and, since the testimony of Clark is vital to Broady's defense, he having presented an abili defense at trial, and, since there is no indication that any prosecution of Clark will be thwarted by the granting of the limited immunity to him, we find that the trial court erred in failing to grant immunity to Clark pursuant to R. C. 2945.44, upon the motion therefor and thereby abused its discretion.

Defendant has also filed a motion that this court grant such immunity. Although R. C. 2945.44 provides that such immunity may be granted by this court, we feel that it should be sparingly granted and ordinarily granted only in original actions pending in this court with respect to testimony to be presented to this court. However, for the foregoing reasons, we find that the first assignment of error is well taken with respect to the granting of immunity, but not as to the granting of a new trial, since there has been insufficient evidence presented to date which would compel the granting of the new trial.

By the second assignment of error, defendant contends that the trial court erred in allowing Clark's attorney to

assert an attorney-client privilege with respect to the conversation between Clark and defendant's counsel. The attorney-client privilege is not ordinarily available with respect to conversations which the attorney overheard between his client and a third party. The communications protected by the privilege are the secret communications between an attorney and his client. The conversation here involved was not such a communication between attorney and client but was a communication between the client and the attorney for another person. However, the record does not clearly indicate that an objection was made by defense counsel herein to the invocation of the attorney-client privilege. Furthermore, the testimony of the attorney would have been only cumulative to that of the counsel for defendant. In addition, if Clark testifies, his testimony is the better evidence. Accordingly, we find the second assignment of error to be not well taken.

With respect to the third assignment of error, it is true that the statements made by Clark were declarations against interest. However, in view of the fact that we have sustained the first assignment of error in part, there is no prejudicial error with respect to the third assignment of error at this juncture. Accordingly, it is not well taken.

The fourth assignment of error also is not well taken. As we have indicated in connection with the first assignment of error, there is insufficient evidence at this juncture to compel the granting of a new trial based upon the statements that Clark made to defense counsel. If Clark testifies, and verifies those statements made to defense counsel, then the trial court will have to evaluate that testimony and determine whether or not it justifies a new trial for the defendant, permitting him to present a full defense once again and permitting the jury to evaluate the testimony not only of the eyewitnesses, defendant's alibi witnesses, but also that of Clark. Accordingly, the fourth assignment of error is not well taken.

For the foregoing reasons, the first assignment of error is sustained in part, and overruled in part, and the second, third and fourth assignments of error are overruled,

and the judgment of the Franklin County Court of Common Pleas overruling the motion for a new trial upon the grounds of newly-discovered evidence is reversed, and this cause is remanded to that court for further proceedings upon such motion, consistent with this decision and in accordance with law.

*Judgment reversed and cause remanded.*

TROOP, P. J., concurs.
STRAUSBAUGH, J., dissents.

STRAUSBAUGH, J., dissenting. It is my opinion there has been no showing of an abuse of discretion by the trial court in refusing the request to grant immunity; therefore, I would affirm.