**UNITED STATES of America**

v.

**Sylvester F. GAITHER, Appellant.**

**No. 75–2126.**

United States Court of Appeals,
District of Columbia Circuit.

July 1, 1976.

Before BAZELON, Chief Judge, and WRIGHT, McGOWAN, TAMM, LEVENTHAL, ROBINSON, MacKINNON, ROBB and WILKEY, Circuit Judges.

### ORDER

PER CURIAM.

Appellant's suggestion for rehearing *en banc* having been transmitted to the full Court and no Judge having requested a vote thereon, it is

ORDERED by the Court *en banc* that appellant's aforesaid suggestion for rehearing *en banc* is denied, 535 F.2d 1325.

Statement of Chief Judge BAZELON as to why he voted to Deny Rehearing En Banc.

The petition for rehearing en banc focuses attention on a question vital to the fair administration of criminal justice: when, if ever, can a federal district judge require the Government to grant use immunity to a potential defense witness who claims his privilege against self-incrimination and who allegedly has important, exculpatory testimony to offer. The witness in this case was, according to the Government's testimony, sitting on the passenger side of an undercover agent's car while the agent counted out $12, handed the money through the window on the driver's side to the appellant who was standing outside the car, and received two phenmetrazine tablets in

---

exchange. According to appellant's proffer, if the witness were to testify he would have confirmed that he was in the car, but would have said that he "saw nothing, no transaction." The witness had been convicted of selling narcotics to the same agent on other occasions; because he had not yet been sentenced on those charges, and because his testimony in this case would have involved matters not covered by the indictment on which he was tried, he refused to testify.

The propriety of compelling a grant of use immunity raises a question of first impression in this jurisdiction, and perhaps in the federal courts.[1] The considerations on each side of the question are weighty. On the one hand, criminal defendants obviously have a substantial interest—one that implicates constitutional values—in obtaining exculpatory testimony, and the public in assuring that all relevant evidence bearing on guilt or innocence is presented to the factfinder. On the other hand, compelling the Government to grant use immunity may offend separation of powers principles, and may jeopardize future prosecutions of the immunized witness since in any future prosecution the Government will have to prove that the immunized testimony was not used.[2]

Despite the novelty and importance of this issue, the division that decided this case issued neither an opinion nor a memorandum. I assume they did this because, although not noted in the briefs, appellant did not request the district judge to order the Government to grant immunity to the witness. Even so, I have substantial doubts as to the propriety of the result,[3] and have no doubt but that it would have been far preferable for the division to have stated that it had found no "plain error affecting substantial rights," F.R.Crim.P. 52(b), and to have explained the basis for that conclusion.[4] But because the division's apparent

---

1. This court has decided that the Government cannot be compelled to grant transactional immunity to a defense witness. *Earl v. United States*, 124 U.S.App.D.C. 77, 361 F.2d 531 (1966). The costs to the Government when it grants transactional immunity, however, are much greater than when it grants use immunity. Thus I do not believe *Earl* is dispositive of the use immunity issue. There is also authority in other circuits that a court cannot grant use immunity on its own. *See, e. g., Thompson v. Garrison*, 516 F.2d 986 (4th Cir. 1975). Appellant contends, however, that a judge can compel the Government to apply for use immunity. *Cf. United States v. Morrison*, 535 F.2d 223, 229 (3d Cir. 1976) ("There are circumstances under which it appears due process may demand that the Government request use immunity for a defendant's witness.").

At least one state court has held that a trial judge can grant use immunity to a defense witness. *State v. Broady*, 41 Ohio App.2d 17, 321 N.E.2d 890 (1974). *See also United States v. Leonard*, 161 U.S.App.D.C. 36, 494 F.2d 955, 985 n.79 (1974) (Bazelon, C. J., concurring in part and dissenting in part) (court can condition admissibility of hearsay evidence in Government's case on Government's agreement to grant use immunity to declarant).

2. In this case the risk that a future prosecution of the witness would be dismissed because the Government would be unable to prove the absence of taint is almost non-existent. The undercover agent was present during the sale, and it is most unlikely that after the witness testified the Government would develop additional evidence from independent sources implicating the witness in the transaction. Furthermore, the witness had already been convicted of three counts of distribution of a controlled substance, and thus the possibility that the Government ever would seek to try the witness as an aider and abettor of the sale by appellant is remote indeed.

For more detailed discussions of the propriety of compelled use immunity, see Westen, *Compulsory Process*, 73 Mich.L.Rev. 71, 166–70 (1974); Note, *A Reexamination of Defense Witness Immunity: A New Use for Kastigar*, 10 Harv.J.Legis. 74 (1972). Both commentators conclude that district judges can direct the Government to grant use immunity.

3. Since appellant was acquitted on the one count as to which he had corroborating witnesses, and since his proffer indicated that his witness would corroborate his denial of guilt as to another count, I am inclined to believe that the failure to direct a grant of use immunity may have "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *United States v. Atkinson*, 297 U.S. 157, 160, 56 S.Ct. 391, 392, 80 L.Ed. 555 (1936). I recognize, however, that in light of the novelty of the issue raised, others might conclude that the error here was not "plain."

4. As Judge Tamm has observed in a slightly different context, providing statements of reasons "is not onerous if the matter was dealt

holding does not, in my view, warrant the attention of the en banc court, and because the division has not set forth any alternative grounds of decision that do merit en banc consideration, I have concluded not to vote to grant the petition. I write specially to make clear that in so doing I do not mean to in any way prejudge the question of whether a district judge who *is requested* to compel the Government to grant use immunity is authorized or required to do so.

---

with in a conscientious manner in passing on the merits." *Davis v. Clark*, 131 U.S.App.D.C. 379, 404 F.2d 1356, 1358 (1968) (separate opinion).