IN RE POTH, ALLEGED DEPENDENT CHILD.

(No. H-81-14—Decided August 14, 1981.)

*Mr. Richard B. Hauser,* prosecuting attorney, and *Mr. Dennis B. Trimboli,* for the state of Ohio.

*Mr. John D. Baird,* for Karen Poth.

CONNORS, P.J. This cause comes before us upon an appeal from a finding and sentence for contempt by the Court of Common Pleas of Huron County, Juvenile Division.

On February 6, 1981, an employee of the Huron County Welfare Department filed a complaint, alleging Jeani Poth to be a dependent child and asking that her parents be divested of permanent custody. Subsequently, Dennis B. Trimboli, assistant prosecuting attorney, moved the court to order a deposition of the appellant, Karen Poth, the mother of Jeani Poth. At the hearing on February 11, 1981, the court appointed an attorney for the appellant and ordered that she give a deposition. On February 18, 1981, the prosecutor moved the court under R.C. 2945.44 for transactional immunity for the appellant in order to obtain her testimony concerning treatment of her child. The motion was heard by the court and granted by entry filed March 10, 1981. By order dated March 18, 1981, appellant's deposition was set for April 14, 1981. At the deposition, counsel for appellant entered objections to the method by which the deposition was conducted. Due to the error, the motion for contempt filed by the prosecutor was overruled and the deposition was reset for May 3, 1981. At that deposition, appellant refused to answer the questions of the prosecutor based on her Fifth Amendment right against self-incrimination. Another motion for contempt was filed based on appellant's refusal to testify, and the court granted such motion on May 21, 1981. Appellant was sentenced to a term of indefinite incarceration in the Huron County Jail until she should purge herself of contempt, the execution of the sentence being stayed by this court pending this appeal.

Appellant's first assignment of error states:

"The trial court committed substantial, prejudicial and reversible error in that its finding of contempt was against the weight of the evidence."

Appellant contends here that there was full compliance with the court's order of February 11, 1981, for appellant showed up at the appointed time and place for the taking of the deposition. Appellant contends that the mere act of showing up at the proper place and time fulfilled the court's order, and that it was not necessary for appellant to answer the questions asked. Hence, appellant contends that there was full compliance with the court's directive, and that, therefore,

there was no basis for a finding of contempt.

However, the meaning and implication of the February order are clear, for appellant was instructed to "present herself *for a deposition.*" Furthermore, at the hearing on May 21, 1981, the trial court asked appellant to answer the same question asked at deposition, and appellant again would not answer.

In 11 Ohio Jurisprudence 2d, 119-120, Contempt, Section 34, the author states:

"* * * Under the rule thus established by the Supreme Court the refusal of the witness to answer proper questions may be contempt. The question the answer to which the witness claims will incriminate him must be material and relevant to the issues involved in the trial, and the witness is not the sole judge of the matter, but it is for the court to determine under the circumstances * * *." (Footnote omitted.) See, also, *McGorray* v. *Sutter* (1909), 80 Ohio St. 400; *State* v. *Murray* (1910), 82 Ohio St. 305.

The author goes on to state, in the same section, that:

"Where full statutory immunity is conferred upon the witness so that he may not be prosecuted or subjected to any penalty or forfeiture on account of any transaction, matter, or thing testified to, he may be compelled to testify, and be guilty of contempt in refusing to do so." (Footnote omitted.) 11 Ohio Jurisprudence 2d, *supra,* at page 120. See, also, *Mouser* v. *Pub. Util. Comm.* (Franklin App. 1931), 10 Ohio Law Abs. 38.

Furthermore, if inquiry can be made which does not invade the immunity of the witness who claims that the question would tend to incriminate him, and if it appears to the trial court that his answer would not have the tendency claimed, then the witness should answer or otherwise be in contempt. *In re Newton* (1967), 12 Ohio App. 2d 191 [41 O.O.2d 290].

In the instant case, the questions directed toward appellant were found by the trial court to be material and relevant to the issues of the case, and the court's order directed that appellant answer such questions. Furthermore, appellant was granted transactional immunity so that appellant could testify as to the above matters without incriminating herself. In light of the above, this court finds that the trial court's finding of contempt is supported by the weight of the evidence, and appellant's first assignment or error is not well taken.

Appellant's second assignment of error states the following:

"The trial court committed substantial, prejudicial and reversible error in granting transactional immunity to Karen Poth pursuant to section 2945.44 of the Revised Code and thereafter finding her in contempt for failing to testify."

R.C. 2945.44 states in pertinent part:

"(A)   In any *criminal* proceeding in this state, if a *witness* refuses to answer or produce information on the basis of his privilege against self-incrimination, the *court of common pleas* * * * shall compel the witness to answer or produce the information, if both of the following apply:

"(1)   The prosecuting attorney of the county in which the proceedings are being held makes a written request * * * to order the witness to answer * * *;

"(2)   The court of common pleas informs the witness that by answering, or producing the information he will receive immunity * * *.

"* * *

"(C)   A witness granted immunity under this section may be subjected to a criminal penalty for any violation of section 2921.11, 2921.12, or 2921.13 of the Revised Code, or for contempt committed in answering, failing to answer, or failing to produce information in compliance with the order." (Emphasis added.)

Appellant contends that the juvenile court lacked authority to grant immunity under R.C. 2945.44, that the grant of immunity was invalid because there was no criminal proceeding initiated against the appellant and that appellant was not a witness at the time of the grant.

However, R.C. 2151.21 states:

"The juvenile court has the same jurisdiction in contempt as courts of common pleas."

Furthermore, R.C. 2151.07 states in pertinent part that:

"The juvenile court is a court of record and within the division of domestic relations or probate of the court of *common pleas* * * *." (Emphasis added.)

While there is no Ohio case authority on the question of whether criminal proceedings must already have been initiated or on whether the person must be a witness at the time of the grant of immunity, the court finds that the facts of this case are sufficient to support the findings of the trial court under R.C. 2945.44.

R.C. 1.49, in dealing with rules of statutory construction, states that where a statute is unclear or ambiguous, the court may consider the following:

"(A) The object sought to be attained;

"(B) The circumstances under which the statute was enacted;

"(C) The legislative history;

"(D) The common law or former statutory provisions, including laws upon the same or similar subjects;

"(E) The consequences of a particular construction;

"(F) The administrative construction of the statute." See *State* v. *Sinito* (1975), 43 Ohio St. 2d 98, 101 [72 O.O.2d 54], at fn. 6.

Here, the object of the statute is clear, for *State* v. *Broady* (1974), 41 Ohio App. 2d 17, at page 23 [70 O.O.2d 18], states that "* * * [t]he key consideration set forth in R.C. 2945.44 is whether or not 'the interests of justice' are served by the granting of immunity * * *."

The trial court recognized this "key consideration" in making its determination, the court stating that:

"The Court finds no criminal proceeding is pending in this state involving the witness Karen Poth, but that the Prose-cuting Attorney proffers that one could be easily filed. Little purpose would seem to be served by requiring the filing of a criminal complaint, the Court granting transactional immunity, and the criminal complaint [being] dismissed in order that the prosecutor may pursue a dependency complaint, when the status of the child is of prime importance to the state.

"The court further finds that [the] importance of determining the alleged dependent status of a child weighed against the granting of transactional immunity to Karen Poth substantiate the said granting of immunity would further the administration of justice and should be granted."

The requirement of the initiation of a criminal proceeding is also put in question by the language of *Brown* v. *Executive 200, Inc.* (1980), 64 Ohio St. 2d 250 [18 O.O.3d 446], at page 253, where the court stated:

"* * * Contempt proceedings are regarded as *sui generis. State* v. *Timson* (1974), 38 Ohio St. 2d 122 [67 O.O.2d 140]. They are neither wholly civil nor wholly criminal actions. *Gompers* [v. *Bucks Stove & Range Co.* (1911)], *supra* [221 U.S. 418]. Rather, '[t]hey bear some resemblance to suits in equity, to criminal proceedings and to ordinary civil actions; but they are none of these.' *Cincinnati* v. *Cincinnati District Council 51* (1973), 35 Ohio St. 2d 197, at page 202 [64 O.O.2d 129]. * * *"

Appellant contends that any violation, however small, of the Ohio statute renders the grant of immunity invalid, making the finding of contempt based on the granting of immunity invalid as well. As support for this contention, appellant cites the case of *Stevens* v. *Marks* (1966), 383 U.S. 234, where the court held that immunity is conferred only by strict compliance with procedural requirements of the immunity statutes.

However, the ruling in *Marks* was designed to allow a witness to withdraw his waiver of his rights should it be found that all the procedural requirements of

the immunity statute were not followed. The *Marks* decision followed from the situation where a witness, who had testified before a grand jury on the promise of immunity, was later denied such immunity due to a technical violation of the immunity statute. Hence, in *Marks,* the prosecution (or state) was attempting to render the immunity invalid, unlike the instant case, where the person testifying (appellant) is attempting to render the grant of immunity invalid.

This court, therefore, finds that, based on the facts and circumstances of this case, as well as the meaning and spirit of R.C. 2945.44, that the trial court's grant of immunity under R.C. 2945.44 was valid. While there were defects amounting to less than full compliance with the statute, such defects were not sufficient to render the grant of immunity invalid. Appellant's second assignment of error is therefore found not well taken.

On consideration whereof, the court finds substantial justice has been done the party complaining and the judgment of the Court of Common Pleas of Huron County, Juvenile Division, is affirmed. This cause is remanded to said court for execution of judgment and for costs.

*Judgment affirmed.*

DOUGLAS and BARBER, JJ., concur.