Per Curiam.
{¶ 1} Appellant, BF Goodrich Company, Specialty Chemicals Division (“Goodrich”), appeals the judgment of the Tenth District Court of Appeals denying its request for a writ of mandamus to require appellee Industrial Commission to vacate its order awarding appellee Marilynne J. Earles compensation for working wage loss, as authorized by R.C. 4123.56(B), attributed to Earles’s lack of overtime earnings while working in a light-duty position.
{¶ 2} For the reasons that follow, we affirm the judgment of the court of appeals.
{¶ 3} On August 12, 2011, Earles was injured in the course and scope of her employment with Goodrich. She returned to work on February 13, 2012, with temporary restrictions on climbing, heavy pushing, lifting and carrying, and performing overhead work. There were no restrictions on the number of hours she could work.
{¶ 4} Earles was placed in Goodrich’s light-duty/restricted-employee work program. The terms of the work program were set forth in a 2007 collective-bargaining agreement between Goodrich and the United Auto Workers of America, Local 128. Its purpose was “to provide medically-restricted employees an opportunity to work and make a value-added contribution to the products manufactured.”
{¶ 5} The collective-bargaining agreement provided that employees assigned to the program were eligible for overtime only if their medical restrictions allowed it and “only after all other employees in the classification and shift to which they have been borrowed have been given the opportunity to work overtime.” A subsequent collective-bargaining agreement, effective February 19, 2012, provided that “[e]mployees on light duty outside of their own job classification will not be eligible for overtime.”
{¶ 6} Earles filed an application for wage-loss compensation based on a reduction in her earnings attributed to the lack of overtime in her light-duty *214 position for the following periods: February 13 to March 2, 2012, and March 12 to 18, 2012. A district hearing officer denied the application. The order, mailed on November 23, 2012, notified the parties and their representatives that an appeal could be filed within 14 days of receipt of the order.
{¶ 7} On December 13, 2012, a union representative, William Hannah, filed an appeal on behalf of Earles. A staff hearing officer refused the appeal for lack of jurisdiction after finding 'that it had not been timely filed. Hannah again appealed for Earles, this time with an affidavit in which he attested that he had received the previous commission order on November 29, 2012, and had timely filed the appeal within 14 days on December 13, 2012.
{¶ 8} The commission accepted the appeal and awarded wage-loss compensation. The commission determined that Earles’s medical restrictions resulted from the allowed conditions of her claim, that she had worked overtime prior to her work-related injury, and that when she returned to light-duty work, she was not eligible for overtime in that position under the 2012 collective-bargaining agreement.
{¶ 9} Goodrich filed a complaint in mandamus alleging that the commission had abused its discretion. According to Goodrich, there was no evidence that Earles’s medical restrictions prevented her from working overtime. Moreover, Goodrich argues, the commission failed to apply the “mailbox rule” and therefore wrongly determined that Earles’s administrative appeal was timely filed.
{¶ 10} The court of appeals denied the writ.
{¶ 11} This matter is before this court on Goodrich’s appeal as of right.

Working Wage Loss

{¶ 12} Working-wage-loss compensation is payable to a claimant who suffers a wage loss as a result of returning to employment other than the employee’s former position of employment due to an injury or occupational disease. R.C. 4123.56(B)(1). Ohio Adm.Code 4125-1-01(A)(15) clarifies that “the extent of the diminishment [in wages] must be the direct result of physical and/or psychiatric restriction(s) caused by the impairment that is causally related to an industrial injury or occupational disease in a claim allowed under Chapter 4123. of the Revised Code.”
{¶ 13} Goodrich contends that for Earles to be entitled to compensation for working wage loss, her lack of overtime earnings must be directly caused by medical restrictions that specifically limit overtime work. Goodrich argues that because Earles had physical restrictions but no restrictions on the amount of hours she could work, her wage loss was the result of the 2012 collective-bargaining agreement’s prohibition on overtime.
*215 {¶ 14} We do not agree. There are two components of a wage-loss claim— actual wage loss and a causal connection with the workplace injury. State ex rel. Jordan v. Indus. Comm., 102 Ohio St.3d 153, 2004-Ohio-2115, 807 N.E.2d 351, ¶ 4; State ex rel. Watts v. Schottenstein Stores Corp., 68 Ohio St.3d 118, 121, 623 N.E.2d 1202 (1993). There is no dispute that Earles suffered a reduction in wages during the periods of time at issue. As to the second component of a wage-loss claim, the definition of “working wage loss” in Ohio Adm.Code 4125-1-01(A)(15) states that the diminishment in wages must be the “direct result of physical and/or psychiatric restriction(s) caused by the impairment that is causally related to an industrial injury.” Stated in other words, the loss of wages must be causally related to the allowed conditions of the claim. The record contained evidence that Earles was placed in the light-duty program because of her medical restrictions causally related to the allowed conditions of her claim.
{¶ 15} Next, Goodrich maintains that Jordan and State ex rel. DaimlerChrysler v. Indus. Comm., 10th Dist. Franklin No. 06AP-895, 2007-Ohio-5093, 2007 WL 2800399, require evidence that the employer singled out the injured worker because of her or his particular work restrictions and denied the opportunity for overtime. Goodrich argues that there is no evidence that Earles was singled out and denied overtime for some sort of punitive reason related specifically to her injury or medical restrictions.
{¶ 16} Jordan involved an ambiguous commission order that was unclear as to the causal relationship between the claimant’s decline in wages and lack of overtime hours. Based on a lack of evidence explaining why the claimant’s overtime had decreased, this court remanded the cause to the commission for it to further consider whether the claimant had been offered overtime and if he had not been, to determine why. Jordan at ¶ 10 and 11. This analysis is not relevant here, where overtime was regulated by the express terms of Goodrich’s light-duty program and applied to all who participated in it.
{¶ 17} DaimlerChrysler involved an injured mechanic who transferred to a different position because of medical restrictions from a workplace injury. The new position offered fewer overtime hours. The court of appeals concluded that the fluctuation in the available amount of overtime hours in the new department, not the injury or work restrictions, was the reason for the wage difference. DaimlerChrysler at ¶ 10.
{¶ 18} The commission contends that Jordan and DaimlerChrysler examined the proximate cause of a claimant’s wage loss and concluded that if the wage loss was due to economic reasons, such as a company-wide reduction in overtime, the claimant could not establish a causal link between the wprkplace injury and the wage loss. According to the commission, unlike the claimants in Jordan and DaimlerChrysler, Earles was barred from working overtime because she had *216 suffered, an injury and was in the light-duty program because of her medical restrictions.
{¶ 19} We agree. Here, there was evidence that Earles was placed in the light-duty program because of her medical restrictions. The 2012 collective-bargaining agreement prohibited all employees participating in the light-duty program from working overtime hours. There was no evidence that Earles was singled out because of her injury. Thus, the commission did not abuse its discretion when it concluded that Earles’s wage loss was the direct result of her inability to return to her previous position due to the physical restrictions resulting from her claim.
Appeal Was Timely Filed
{¶ 20} Goodrich contends that Hannah’s appeal from the order of the district hearing officer was outside the 14-day statutory appeal period and that the commission abused its discretion when it did not apply the “mailbox rule” to calculate the appeal time. Goodrich relies on the rebuttable presumption that once a notice or order is mailed, it is presumed to have been received in due course, Weiss v. Ferro Corp., 44 Ohio St.3d 178, 180, 542 N.E.2d 340 (1989), and argues that under a straightforward application of the mailbox rule, the appeal was due by December 10, 2012.
{¶ 21} R.C. 4123.511(C) provides that a party may appeal the decision of a district hearing officer within 14 days after receipt of the order. The commission considered Hannah’s affidavit to be evidence that he had received the order on November 29, 2012, and thus that the appeal had been timely filed within 14 days on December 13, 2012. We agree with the court of appeals that the mailbox rale does not apply here.
{¶ 22} The commission considered the evidence submitted by Hannah to be credible. Therefore, the commission did not abuse its discretion when it concluded that the appeal was timely filed.

Oral Argument

{¶ 23} Finally, Goodrich requests oral argument in this matter. Granting oral argument in an appeal as of right is subject to this court’s discretion. S.Ct.Prac.R. 17.02(A). In exercising that discretion, we consider “whether the case involves a matter of great public importance, complex issues of law or fact, a substantial constitutional issue, or a conflict among courts of appeals.” State ex rel. Davis v. Pub. Emps. Retirement Bd., 111 Ohio St.3d 118, 2006-Ohio-5339, 855 N.E.2d 444, ¶ 15, citing State ex rel. United Auto., Aerospace & Agricultural Implement Workers of Am. v. Ohio Bur. of Workers’ Comp., 108 Ohio St.3d 432, 2006-Ohio-1327, 844 N.E.2d 335, ¶ 25-26. These factors are not present in this matter, and we deny Goodrich’s request.
*217 {¶ 24} Accordingly, we affirm the judgment of the court of appeals and deny the writ.
Judgment affirmed.
O’Connor, C.J., and Pfeifer, Lanzinger, French, and O’Neill, JJ., concur.
O’Donnell, J., dissents, with an opinion joined by Kennedy, J.