[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Thomas v. Richard,* Slip Opinion No. 2017-Ohio-1343.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2017-OHIO-1343

THE STATE EX REL. THOMAS, APPELLANT, *v.* RICHARD, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Thomas v. Richard,* Slip Opinion No. 2017-Ohio-1343.]

*Habeas corpus—Appellant's petition challenging validity of his extradition fails to state a claim in habeas corpus—Court of appeals' dismissal of petition affirmed.*

(No. 2016-0962—Submitted February 28, 2017—Decided April 20, 2017.)

APPEAL from the Court of Appeals for Madison County, No. CA2016-04-018.

_____

**Per Curiam.**

{¶ 1} Relator-appellant, Winston Thomas, appeals the Twelfth District Court of Appeals' dismissal of his petition for a writ of habeas corpus. We affirm.

*Background*

{¶ 2} In 2007, Thomas was charged in Warren County, Ohio, with two drug-related felony offenses. Before trial, Thomas fled the jurisdiction and was later convicted of federal drug charges and imprisoned in Pennsylvania.

{¶ 3} In 2012, Thomas was extradited to Warren County, where he filed a pretrial motion to dismiss the indictment based on an alleged violation of Article IV(e) of the Interstate Agreement on Detainers ("IAD"), which provides that if a prisoner has been extradited to face charges but is then returned to the original place of imprisonment before trial on the indictment for which he was extradited, the indictment shall be dismissed with prejudice. R.C. 2963.30 (codifying the IAD). Alternatively, he argued that he was extradited to Ohio from Pennsylvania without a hearing. The trial court denied the motion to dismiss, rejecting both of the grounds asserted in the motion.

{¶ 4} Thomas was convicted of the felony charges and sentenced to serve six years of incarceration.

{¶ 5} On April 18, 2016, Thomas filed a petition for a writ of habeas corpus in the Twelfth District Court of Appeals. Respondent-appellee, Rhonda Richard, warden of the Madison Correctional Institution, filed a motion to dismiss. The court of appeals granted the motion for failure to state a claim.

{¶ 6} Thomas timely appealed to this court.

*Legal Analysis*

{¶ 7} Thomas's habeas petition is based on a single theory: that Ohio lacks jurisdiction over him because he was returned to the state pursuant to a defective extradition request. Thomas alleges that the extradition request was defective because Ohio failed to submit a governor's warrant to the Pennsylvania court that held his extradition hearings.

{¶ 8} A valid extradition request must include a warrant signed by the governor (or other executive) of the requesting state. *See* 18 U.S.C. 3182; *see also*

2

R.C. 2963.21 (governing requests by Ohio to other states); 42 Pa.C.S. 9101 (governing requests to Pennsylvania from other states). However,

> "[i]t is virtually a universal rule of law that where a person accused of a crime is found within the territorial jurisdiction wherein he is so charged, and is held under process legally issued from a court of that jurisdiction, neither the jurisdiction of the court nor the right to put him on trial for the offense charged is impaired by the manner in which he was brought from another jurisdiction, whether by kidnapping, illegal arrest, abduction, or *irregular extradition proceedings*."

(Emphasis added.) *Tomkalski v. Maxwell*, 175 Ohio St. 377, 378-379, 194 N.E.2d 845 (1963), quoting Annotation, *Right to Try One Brought Within Jurisdiction Illegally or as a Result of a Mistake as to Identity*, 165 A.L.R. 948 (1946). In plain terms, "[a] claim of illegal extradition does not state a claim in habeas corpus and will not void [a] conviction." *Smith v. Jago*, 58 Ohio St.2d 298, 389 N.E.2d 1138 (1979).

{¶ 9} For this reason, we affirm the judgment of the court of appeals dismissing Thomas's petition for failure to state a claim.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, and DEWINE, JJ., concur.

O'NEILL, J., concurs in judgment only.

_____

Winston Thomas, pro se.

Michael DeWine, Attorney General, and William H. Lamb, Assistant Attorney General, for appellee.

_____