[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Sands v. Court of Common Pleas,* **Slip Opinion No. 2018-Ohio-4245.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-4245

THE STATE EX REL. SANDS, APPELLANT, *v.* COURT OF COMMON PLEAS JUDGE, APPELLEE.

[**Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *State ex rel. Sands v. Court of Common Pleas,* **Slip Opinion No. 2018-Ohio-4245.]**

*Mandamus—Appellant not entitled to extraordinary relief in mandamus because he failed to identify the alleged duty he sought to enforece and he had an adequate remedy by way of appeal—Court of appeals' dismissal affirmed.*

(No. 2017-1700—Submitted April 10, 2018—Decided October 23, 2018.)

APPEAL from the Court of Appeals for Lake County,

No. 2017-L-079, 2017-Ohio-8532.

_____

**Per Curiam.**

{¶ 1} Appellant, Joseph A. Sands, appeals the decision of the Eleventh District Court of Appeals dismissing his complaint for a writ of mandamus against

the Lake County Court of Common Pleas. For the reasons set forth below, we deny Sands's motion for oral argument and affirm the judgment of the court of appeals.

*Background*

**{¶ 2}** Sands was convicted in the Lake County Common Pleas Court on three counts of conspiracy to commit aggravated murder, two counts of conspiracy to commit aggravated arson, and one count of engaging in a pattern of corrupt activity. *State v. Sands*, 11th Dist. Lake No. 2007-L-003, 2008-Ohio-6981, ¶ 23. The trial court merged the conspiracy counts and sentenced Sands to two ten-year prison terms, to be served consecutively. The court of appeals affirmed. We denied Sands's motion to file a delayed appeal. 127 Ohio St.3d 1443, 2010-Ohio-5762, 937 N.E.2d 1034.

**{¶ 3}** On June 19, 2017, Sands commenced the present action for a writ of mandamus against the Lake County Common Pleas Court. The complaint provided a lengthy procedural background and raised a host of objections to his convictions and sentences (discussed below) but requested no specific mandamus relief. On August 11, 2017, Judge Vincent A. Culotta, on behalf of the Lake County Common Pleas Court, filed a motion to dismiss or, in the alternative, for summary judgment.

**{¶ 4}** On November 13, 2017, the court of appeals granted the motion to dismiss for failure to state a claim in mandamus. The court of appeals gave two reasons for dismissing the complaint: first, the complaint did not request any relief and second, mandamus was unavailable because all the issues raised in the complaint could have been raised on direct appeal from the convictions. 2017-Ohio-8532, ¶ 8-9, 19.

**{¶ 5}** Sands timely appealed.

*The motion for oral argument*

**{¶ 6}** We have discretion whether to grant oral argument in an original action. S.Ct.Prac.R. 17.02. In exercising that discretion, we consider whether the case "involves a matter of great public importance, complex issues of law or fact,

2

a substantial constitutional issue, or a conflict among courts of appeals." *State ex rel. BF Goodrich Co., Specialty Chems. Div. v. Indus. Comm.*, 148 Ohio St.3d 212, 2016-Ohio-7988, 69 N.E.3d 728, ¶ 23. None of those factors is present in this case. Sands merely asserts that oral argument would help to avoid confusion regarding the relief he is seeking. We deny the request for oral argument.

*The merits of the appeal*

**{¶ 7}** To be entitled to a writ of mandamus, a party must establish, by clear and convincing evidence, (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 3. "In order for a court to dismiss a [mandamus] complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted, it must appear beyond doubt that [the relator] could prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true, and all reasonable inferences are made in [the relator's] favor." *State ex rel. Natl. Elec. Contrs. Assn. v. Bur. of Emp. Servs.*, 83 Ohio St.3d 179, 181, 699 N.E.2d 64 (1998).

**{¶ 8}** The "unsupported conclusions of a complaint are not considered admitted and are not sufficient to withstand a motion to dismiss." *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490, 633 N.E.2d 1128 (1994). The failure to identify the source of the alleged duty in a mandamus action is grounds for dismissal. *State ex rel. Fain v. Summit Cty. Adult Probation Dept.*, 71 Ohio St.3d 658, 659, 646 N.E.2d 1113 (1995) (upholding dismissal of complaint alleging that the county probation department had a clear legal duty to correct information in a presentence-investigation report without identifying the source of the alleged duty). In this case, Sands provided less information than did the *Fain* complaint: Sands did not even identify the alleged duty he sought to enforce, much less the legal

authority creating that duty. The court of appeals correctly dismissed the complaint.

{¶ 9} Moreover, the specific allegations in the complaint fail to state a claim in mandamus. Sands challenges his convictions and sentences on the grounds that

- the indictment was defective,

- there was insufficient evidence to convict him of a pattern of corrupt activity,

- the time frame for the actions underlying his conviction for engaging in a pattern of corrupt activity was insufficient to support the charge,

- he cannot be convicted of both conspiracy and engaging in a pattern of corrupt activity, as a matter of law,

- he was improperly extradited to Ohio,

- the trial judge failed to make the required factual findings before imposing consecutive sentences, and

- the judgment entry was defective because it renumbered the counts from how they appeared in the indictment.

{¶ 10} With respect to all these allegations, mandamus will not lie because Sands had an adequate legal remedy by way of direct appeal from his criminal convictions. *See State ex rel. Hamilton v. Brunner*, 105 Ohio St.3d 304, 2005-Ohio-1735, 825 N.E.2d 607, ¶ 6 (mandamus unavailable to challenge a defective indictment); *State ex rel. Thomas v. Franklin Cty. Court of Common Pleas*, 141 Ohio St.3d 547, 2015-Ohio-474, 26 N.E.3d 810, ¶ 4 (mandamus unavailable to challenge sufficiency of the evidence); *State ex rel. Thomas v. Richard*, 149 Ohio St.3d 712, 2017-Ohio-1343, 77 N.E.3d 962, ¶ 8 (holding that improper extradition may not be attacked collaterally); *State ex rel. Ridenour v. O'Connell*, 147 Ohio St.3d 351, 2016-Ohio-7368, 65 N.E.3d 742, ¶ 3 (improper imposition of consecutive sentences and other sentencing errors "are generally not remediable by extraordinary writ").

**{¶ 11}** Finally, Sands suggests that the trial court failed to dispose of all charges against him in a single document, in violation of Crim.R. 32(C). But his complaint does not identify which charge or charges the trial court supposedly failed to resolve in the sentencing entry, and he did not attach the judgment entry or entries to the complaint. He has therefore failed to plead sufficient facts to state a claim for mandamus relief. *See State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324, 544 N.E.2d 639 (1989) (dismissing mandamus complaint when inmate failed to plead sufficient facts to show that dismissal of state charges removed all support for the parole revocation under which he was confined).

**{¶ 12}** The court of appeals correctly dismissed the complaint, and we affirm.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, FISCHER, DEWINE, and DEGENARO, JJ., concur.

————————————

Joseph A. Sands, pro se.

Charles E. Coulson, Lake County Prosecuting Attorney, and Michael L. DeLeone, Assistant Prosecuting Attorney, for respondent.

————————————