[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Dean v. Marquis,* Slip Opinion No. 2019-Ohio-900.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2019-OHIO-900

DEAN, APPELLANT, *v.* MARQUIS, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Dean v. Marquis,* Slip Opinion No. 2019-Ohio-900.]

*Habeas corpus—Violation of R.C. 2963.30, Interstate Agreement on Detainers, not jurisdictional and may be remedied by way of direct appeal—Court of appeals dismissal of petition affirmed.*

(No. 2018-0758—Submitted January 8, 2019—Decided March 19, 2019.)

APPEAL from the Court of Appeals for Richland County, No. 18CA14, 2018-Ohio-1801.

_____

**Per Curiam.**

{¶ 1} Appellant, Ralph Dean, appeals the decision of the Fifth District Court of Appeals dismissing his petition for a writ of habeas corpus.  We affirm.

**Allegations in the complaint**

{¶ 2} Dean's complaint alleges the following facts, which, for purposes of deciding the motion to dismiss, we accept as true. *LGR Realty, Inc. v. Frank & London Ins. Agency*, 152 Ohio St.3d 517, 2018-Ohio-334, 98 N.E.3d 241, ¶ 10.

{¶ 3} On November 9, 1976, Dean was indicted in Richland County, Ohio, on one count of aggravated murder and one count of kidnapping. Three days later, he was arrested and arraigned on the charges in the indictment.

{¶ 4} While in custody on the Ohio charges, he was arrested on an Ohio governor's warrant issued at the request of the Commonwealth of Kentucky. Ohio relinquished custody of Dean to Kentucky, where he pleaded guilty to manslaughter and was sentenced to a prison term of 20 years. While incarcerated in Kentucky, he inquired of Ohio authorities what charges were pending against him in Ohio, and he was told there were none in Richland County.

{¶ 5} In August 1981, he received parole release in Kentucky. But on September 18, 1981, he was arrested on a Kentucky governor's warrant issued at the request of the governor of Ohio, based on an Ohio secret indictment issued in late 1976.

{¶ 6} In August 1982, after being convicted in Richland County Common Pleas Court of aggravated murder and kidnapping, Dean was sentenced to life in prison with parole eligibility after 20 years. *See State v. Dean*, Richland C.P. case No. 81-CR-262.

{¶ 7} On February 23, 2018, Dean filed a complaint for a writ of habeas corpus in the Fifth District Court of Appeals. He alleged that after his return to Ohio from Kentucky, the Interstate Agreement on Detainers ("IAD") required the state to bring him to trial within 180 days and that because the state had failed to do so, the common pleas court lacked jurisdiction to try him and his convictions are therefore void.

{¶ 8} Respondent, Richland Correctional Institution Warden David Marquis, filed a motion to dismiss for failure to state a claim upon which habeas relief can be granted. The court of appeals granted the motion and dismissed the writ. Dean appealed.

## Legal analysis

{¶ 9} "The [IAD] is a compact among 48 states, the District of Columbia, and the United States that establishes procedures for one jurisdiction to obtain temporary custody of a prisoner incarcerated in another jurisdiction for the purpose of bringing the prisoner to trial." *State v. Black*, 142 Ohio St.3d 332, 2015-Ohio-513, 30 N.E.3d 918, ¶ 3. Ohio has codified the provisions of the IAD in R.C. 2963.30.

{¶ 10} The court of appeals dismissed Dean's habeas petition because Dean "has or had an adequate remedy at law to raise the IAD argument on direct appeal * * *." 2018-Ohio-1801, ¶ 7. "Like other extraordinary-writ actions, habeas corpus is not available when there is an adequate remedy in the ordinary course of law." *In re Complaint for Writ of Habeas Corpus for Goeller*, 103 Ohio St.3d 427, 2004-Ohio-5579, 816 N.E.2d 594, ¶ 6.

{¶ 11} In his first proposition of law, Dean contends that Ohio's violation of the IAD deprived the Richland County Common Pleas Court of jurisdiction, making any judgment issued by the court void, and that the availability of a remedy by appeal is irrelevant when challenging a void judgment. Article III(a) of the IAD provides that

> [w]henever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against

the prisoner, he shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint * * *.

R.C. 2963.30. Article V(c) states that if no action on the indictment is brought within the time provided, then the appropriate court in the jurisdiction where the indictment is pending "shall enter an order dismissing the same with prejudice * * *." Based on these provisions, Dean argues that (1) he was brought to trial outside the 180-day window and (2) the trial court should therefore have dismissed the indictment.

{¶ 12} But even assuming both assertions are true, those facts do not amount to a defect in jurisdiction so as to render Dean's convictions void and his habeas claim cognizable. An alleged violation of a criminal defendant's right to a speedy trial under Ohio law is not cognizable in habeas corpus. *State ex rel. Hart v. Turner*, 132 Ohio St.3d 479, 2012-Ohio-3305, 974 N.E.2d 87, ¶ 1; *Travis v. Bagley*, 92 Ohio St.3d 322, 323, 750 N.E.2d 166 (2001). We do not believe that a speedy-trial violation under the IAD should yield a different result, considering that violations of other IAD procedures do not create jurisdictional defects. *See, e.g.*, *State ex rel. Thomas v. Richard*, 149 Ohio St.3d 712, 2017-Ohio-1343, 77 N.E.3d 962, ¶ 8 (defect in extradition request due to lack of governor's warrant not subject to redress in habeas corpus).

{¶ 13} We hold that a violation of the IAD speedy-trial requirement is not jurisdictional and may be remedied by way of direct appeal. We therefore reject Dean's first proposition of law.

**{¶ 14}** Taking his remaining arguments in reverse order, we turn to Dean's third proposition of law, in which Dean argues that he did not have a right of appeal available to him because the trial court never issued a final and appealable order. Dean asserts that he has had no opportunity to raise the IAD issue on appeal because his original sentencing entry violated the one-document rule set forth in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163, ¶ 17, and the subsequent nunc pro tunc entry exceeded the permissible use of such an entry. But again, even assuming these allegations to be true, they do not state a claim for habeas relief. At most, Dean would have a mandamus or procedendo claim for the issuance of a proper judgment entry. *State ex rel. Davis v. Saffold*, 143 Ohio St.3d 475, 2015-Ohio-1517, 39 N.E.3d 1205, ¶ 12 (holding that the remedy for a violation of the "one-document" rule is a revised sentencing entry). We reject Dean's third proposition of law.

**{¶ 15}** Finally, in his second proposition of law, Dean contends that his extradition to Ohio was improper because Ohio relinquished jurisdiction over him when it first released him to the custody of Kentucky. In *People ex rel. Barrett v. Bartley*, 383 Ill. 437, 50 N.E.2d 517 (1943), the Illinois Supreme Court held that by extraditing an incarcerated inmate, the state waived any further jurisdiction over that prisoner. Dean contends that the facts of his case are identical to those presented in *Barrett*, and perhaps they are, but as the Illinois courts later recognized, "*Barrett v. Bartley* was decided in 1943, prior to the enactment of the Uniform Criminal Extradition Act, Ch. 60 sec. 18 et seq., Ill.Rev.Stat. 1965, in which there is an express non-waiver by the asylum State which honors the extradition request of another State." *People v. Mitchell*, 67 Ill.App.2d 124, 126, 214 N.E.2d 129 (1966).

**{¶ 16}** Moreover, under Ohio law, "[t]he release of an accused by one sovereignty to another, so that the receiving sovereignty may enforce its criminal laws against him, does not constitute a waiver of jurisdiction over the accused, nor

does it estop the releasing state from subsequently either enforcing a previously imposed sentence or subjecting the accused to further criminal proceedings." *Helm v. Jago*, 50 Ohio St.2d 168, 169, 363 N.E.2d 1196 (1977). To the contrary, the Revised Code allows the governor to release an inmate to a requesting state without abandoning the right to have that inmate returned to Ohio at the conclusion of criminal proceedings in the second state:

> Sections 2963.01 to 2963.27, inclusive, of the Revised Code [Ohio's statutes governing extradition] do not constitute a waiver by this state of its right, power, or privilege to try such demanded person for crime committed within this state, or of its right, power, or privilege to regain custody of such person by extradition proceedings or otherwise for the purpose of trial, sentence, or punishment for any crime committed within this state, nor are any proceedings had under such sections, which result in, or fail to result in, extradition, a waiver by this state of any of its rights, privileges, or jurisdiction.

R.C. 2963.25. Thus, Ohio never waived jurisdiction, and Dean is not entitled to a writ of habeas corpus. We reject Dean's second proposition of law.

{¶ 17} Having rejected Dean's propositions of law, we affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FRENCH, FISCHER, DEWINE, DONNELLY, and STEWART, JJ., concur.

_____

Ralph Dean, pro se.

Dave Yost, Ohio Attorney General, and Maura O'Neill Jaite, Assistant Attorney General, for appellee.

_____