[Cite as *State ex rel. Gowdy v Cuyahoga Cty. Bd. of Elections*, 2021-Ohio-3603.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

THE STATE EX REL., JUANITA
GOWDY,

       Relator,

       v.

CUYAHOGA COUNTY BOARD OF
ELECTIONS,

       Respondent.

:

:

:

No. 110852

:

:

:

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** WRIT DISMISSED
**DATED:** October 5, 2021

---

Writ of Mandamus
Motion Nos. 549610 and 549612
Order No. 549634

---

## *Appearances:*

Juanita Gowdy, *pro se.*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Mark R. Musson, Assistant Prosecuting
Attorney, *for respondent.*

Willa Hemmons, Director of Law, City of East Cleveland,
*for intervenor-respondent.*

LISA B. FORBES, J.:

{¶ 1} Relator Juanita Gowdy ("Gowdy") commenced this mandamus action against respondent the Cuyahoga County Board of Elections ("the Board") to "enforce the language of the City of East Cleveland's Charter (the "Charter") governing elections" arguing that the language of the "[C]harter requires the [Board] to advance the top two (2) candidates that emerge from the primary election * * *." Gowdy further seeks this court "to direct the [Board] to properly place her name on the upcoming general election ballot as required by the City's Charter." Gowdy also seeks to compel the Board to reinstate certain voting locations within her ward.

{¶ 2} The Board and intervenor the city of East Cleveland (collectively "the Respondents") each moved to dismiss pursuant to Civ.R. 12(B)(6). Because Gowdy has not alleged sufficient facts to support her claim for mandamus, we grant the Respondents' motions.

{¶ 3} The Ohio Supreme Court has recognized that,

> To demonstrate entitlement to a writ of mandamus, [Relator] must establish a clear legal right to the requested relief, a clear legal duty on the part of [Respondent] to grant that relief, and the lack of an adequate remedy in the ordinary course of law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. "A court can dismiss a mandamus action under Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the relator's favor, it appears beyond doubt that he can prove no set of facts entitling him to the requested writ of mandamus." *State ex rel. Russell v. Thornton*, 111 Ohio St.3d 409, 2006-Ohio-5858, 856 N.E.2d 966, ¶ 9.

*State ex rel. Nyamusevya v. Hawkins*, Slip Opinion No. 2021-Ohio-1122, ¶ 10.

{¶ 4} Gowdy fails to allege facts to show that she has a clear legal right to appear on the general election ballot or that the Board has a clear legal duty to include her on the ballot. The factual allegations in Gowdy's complaint are relatively sparce. Gowdy avers that she came in second, behind incumbent Brandon King, in the September 14, 2021, East Cleveland primary election. Gowdy further alleges that she was "verbally advised by the [Board that] her name would not appear on the ballot in the upcoming general election" and that the Board made a "statement of past practices * * *" relying on the Charter Section 115(h).

{¶ 5} The first paragraph of the Charter Section 115 provides that "a partisan primary election shall be held for the election of the Mayor." Gowdy ignores this provision, instead directing this court to the Charter Section 115(h), which provides that the "two candidates each receiving the most votes cast in the primary election shall proceed to a runoff election * * *."

{¶ 6} Gowdy argues "[a] partisan race is **only** to inform voters of candidates of party affiliations * * *." (Emphasis sic.) We disagree. The purpose of a partisan primary is to select a political party's candidate for the general election, not just to inform people of party affiliation. *See* R.C. 3501.01(E)(1) (defining a "primary election" as "an election held for the purpose of nominating persons as candidates of political parties for election to offices"). In contrast, the United States Supreme Court described a nonpartisan blanket primary as follows:

> Generally speaking, under such a system, the State determines what qualifications it requires for a candidate to have a place on the primary ballot — which may include nomination by established parties and

> voter-petition requirements for independent candidates. Each voter, regardless of party affiliation, may then vote for any candidate, and the top two vote getters (or however many the State prescribes) then move on to the general election.

*California Democratic Party v. Jones*, 530 U.S. 567, 585-586, 120 S.Ct. 2402, 147 L.Ed.2d 502 (2000).

{¶ 7} Gowdy essentially argues that because East Cleveland's mayoral primary election only had candidates from the Democratic Party, she should advance to the general election because she came in second in that race. Specifically, Gowdy argues that "[t]he purpose of running a primary race whether it is partisan or non-partisan is to dwindle down the candidates to the top two. It is not reasonable to think a primary race could declare only one person the winner in an election." According to Gowdy, the Charter should be read to advance the top two vote-getters as would be the case in a nonpartisan primary. We disagree.

{¶ 8} As stated previously, the Charter requires partisan primaries for mayor. Gowdy alleges that she came in second in the partisan primary. The September 14, 2021 East Cleveland mayoral partisan primary only had candidates from the Democratic Party. Therefore, only one candidate may be the candidate who received the most votes in the Democratic primary and advances to the general election.

{¶ 9} Gowdy can prove no set of facts entitling her to the relief she seeks. The Respondents' motions to dismiss are granted as relates to Gowdy's request to have her name placed on the general election ballot.

**{¶ 10}** To the extent that Gowdy's mandamus claim is an "ill-disguised claim for declaratory * * * relief," asking this court to determine the meaning of the Charter, this court lacks jurisdiction to entertain a declaratory judgment action. *State ex rel. Reese v. Cuyahoga Cty. Bd. of Elections*, 115 Ohio St.3d 126, 2007-Ohio-4588, 873 N.E.2d 1251, ¶ 35. *See also State ex rel. McGrath v. Gilligan,* 8th Dist. Cuyahoga No. 83884, 2005-Ohio-619. This separate and independent reason warrants dismissal of Gowdy's mandamus complaint.

**{¶ 11}** With regard to Gowdy's demand that the Board reinstate certain polling locations within the city of East Cleveland, she fails to state any facts to show that the Board abused its discretion under R.C. 3501.18 with regard to the placement of any polling places. Dismissal is appropriate when the relator "failed to plead sufficient facts to state a claim for mandamus relief." *State ex rel. Sands v. Court of Common Pleas,* 155 Ohio St.3d 238, 2018-Ohio-4245, 120 N.E.2d 799.

**{¶ 12}** Writ dismissed. Relator to pay costs. The court instructs the clerk to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

_____
LISA B. FORBES, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
MARY EILEEN KILBANE, J., CONCUR