[Cite as *State v. Allen*, 2026-Ohio-1097.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2025-05-043 |
| vs. | : | OPINION AND JUDGMENT ENTRY 3/30/2026 |
| JEREMY ALLEN, | : | |
| Appellant. | : | |
| | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2022 CR 446

Mark J. Tekulve, Clermont County Prosecuting Attorney, and Nicholas A. Horton, Assistant Prosecuting Attorney, for appellee.

Treleven & Klingensmith, and Matthew E. Wiseman, for appellant.

_____

**O P I N I O N**

_____

**M. POWELL, J.**

{¶ 1} Defendant, Jeremy Allen, appeals a decision of the Clermont County Court of Common Pleas denying his motion to dismiss the indictment against him based on a

violation of the speedy-trial provisions of the Interstate Agreement on Detainers. For the reasons that follow, we affirm the decision of the trial court.

## I. Factual and Procedural Background

{¶ 2} On May 17, 2022, Allen was indicted in Clermont County, Ohio, on one count of making false alarms, one count of attempted grand theft of a motor vehicle, one count of resisting arrest, and one count of tampering with evidence. A warrant was issued for Allen's arrest. At the time, Allen was incarcerated in West Virginia on unrelated charges from Wood County, West Virginia. He was initially housed at the Central Regional Jail and later transferred to Salem Correctional Facility to serve his West Virginia sentence.

{¶ 3} On September 9, 2022, while incarcerated at the Central Regional Jail, Allen completed a Request for Disposition under Article III of the Interstate Agreement on Detainers ("IAD"), codified in R.C. 2963.30. The IAD is a compact among 48 states, the District of Columbia, and the United States that "establishes procedures for one jurisdiction to obtain temporary custody of a prisoner incarcerated in another jurisdiction for the purpose of bringing the prisoner to trial." *State v. Black*, 2015-Ohio-513, ¶ 3, citing *Cuyler v. Adams*, 449 U.S. 433, 435, fn. 1 (1981). Allen's Request was filed in the Clermont County Court of Common Pleas on September 15, 2022.

{¶ 4} What followed was a series of complications in getting Allen transferred to Ohio. On September 28, 2022, Allen appeared before the Braxton County Circuit Court in West Virginia on a fugitive-from-justice warrant. He waived extradition on October 4, 2022. Meanwhile, Allen had been transferred from the Central Regional Jail to Salem Correctional Facility. When the Clermont County Prosecutor's Office sent IAD paperwork

to the Central Regional Jail and to Allen on October 19, 2022, the mail to Allen was returned as undeliverable because he had been moved. Salem Correctional Facility received the paperwork but informed the prosecutor that Allen could not be transferred until he completed his West Virginia sentence. A West Virginia court order required that Allen remain in West Virginia custody until completing his West Virginia sentence.

{¶ 5} The Clermont County Prosecutor's Office, believing the hold on transfer was in error, contacted the West Virginia Attorney General's Office for guidance. Receiving no response, the prosecutor's office filed for a governor's warrant on January 4, 2023. In February 2023, Salem Correctional Facility offered to restart the IAD process by presenting Allen with new paperwork, but Allen declined to sign, stating his attorney was handling matters. On February 15, 2023, the West Virginia court reaffirmed that Allen was not to be transferred until completing his West Virginia sentence.

{¶ 6} The IAD imposes its own time restrictions on the prosecuting state, operating independently of Ohio's speedy-trial statutes. *State v. Anderson*, 2010-Ohio-5068, ¶ 12 (12th Dist.). On March 29, 2023, Allen moved to dismiss the Clermont County indictment, arguing that more than 180 days had elapsed since his September 2022 IAD request without the matter proceeding to trial, in violation of the IAD's time limitations. The trial court denied Allen's motion on May 5, 2023, finding no IAD violation.

{¶ 7} Allen was ultimately transferred to Clermont County in July 2023. On October 5, 2023, Allen pleaded guilty to attempted grand theft of a motor vehicle, resisting arrest, and tampering with evidence. The trial court conducted a sentencing colloquy, during which Allen acknowledged that his counsel had reviewed the rights he was waiving and answered all his questions.

{¶ 8}  Sentencing was initially scheduled for November 17, 2023, but Allen fled upon learning of the prison sentence the court intended to impose. Fifteen months later, Allen was apprehended and brought back before the court. At sentencing on March 21, 2025, the trial court imposed a total prison term of 30 months. The only reference to the IAD motion came at the end of the hearing, when Allen's counsel stated: "Prior to my representation, Mr. Allen had filed a pro se motion . . . regarding the Interstate Contract [sic] on Detainers, and I ask that that motion be preserved for the record so he can handle it however he wants." The trial court confirmed that the motion was part of its file.

{¶ 9}  Allen appealed.

## II. Analysis

{¶ 10}  The single assignment of error alleges:

> THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS THE INDICTMENT WITH PREJUDICE FOR VIOLATION OF THE INTERSTATE AGREEMENT ON DETAINERS (IAD), RESULTING IN A DEPRIVATION OF APPELLANT'S STATUTORY RIGHTS UNDER THE IAD AND OHIO REVISED CODE § 2963.30.

{¶ 11}  A violation of the IAD speedy-trial provisions requires dismissal. *See* R.C. 2963.30, Art. V(c); *Black*, 2015-Ohio-513, at ¶ 11. Allen's assignment of error challenges the trial court's denial of his motion to dismiss for just such a violation.

### A. Allen's Guilty Plea Forecloses Appellate Review of His IAD Claim

{¶ 12}  We begin with a threshold question: did Allen's voluntary guilty plea operate as a waiver of his IAD claim? The State squarely raised this argument in its appellate brief. Allen filed no reply brief, and the waiver argument stands unrebutted. Although the trial court denied Allen's motion to dismiss on the merits, we may affirm a trial court's judgment on grounds different from those relied on by that court. *State v. Lozier*, 2004-

- 4 -

Ohio-732, ¶ 46. We conclude that because Allen pleaded guilty to the offenses charged, he has waived his right to challenge the trial court's ruling on his motion to dismiss.

{¶ 13} Under Crim.R. 11(B)(1), a plea of guilty is a "complete admission" of the defendant's guilt and thereby "waives all non-jurisdictional defects assuming the regularity and constitutionality of the plea itself, and the procedure by which it was accepted by the court." *State v. Bowman*, 1990 WL 209806, *5 (3d Dist. Dec. 21, 1990). *See also State v. Fitzpatrick*, 2004-Ohio-3167, ¶ 78 (applying same principle to no-contest pleas). The Ohio Supreme Court has affirmed this principle, holding that a guilty plea "effectively waives all appealable errors" at trial unrelated to the entry of the plea. *State v. Kelley*, 57 Ohio St.3d 127 (1991), at paragraph two of the syllabus; *State v. Ketterer*, 2006-Ohio-5283, ¶ 105 (guilty plea "waived any complaint as to claims of constitutional violations not related to the entry of the guilty plea").

{¶ 14} The dispositive question, then, is whether a violation of the IAD's speedy-trial provisions constitutes a jurisdictional defect or a non-jurisdictional one. The Ohio Supreme Court answered this question in *Dean v. Marquis*, 2019-Ohio-900. There, the Court confronted a habeas corpus petition alleging that the State's failure to bring the petitioner to trial within the IAD's 180-day window deprived the trial court of jurisdiction. The Court rejected this argument, holding that "a violation of the IAD speedy-trial requirement is not jurisdictional and may be remedied by way of direct appeal." *Dean* at ¶ 13. In reaching this conclusion, the *Dean* court drew on the well-established principle that speedy-trial violations under Ohio's general speedy-trial statute, R.C. 2945.71, are not cognizable in habeas corpus because they do not create jurisdictional defects. *Id.* at ¶ 12. The Court saw no reason to treat IAD violations differently, noting that "violations of

other IAD procedures do not create jurisdictional defects." *Id.*

{¶ 15} If an IAD violation is non-jurisdictional, as *Dean* concludes, then the consequence follows that a guilty plea waives the claim. As we have explained, "a voluntary, knowing, and intelligent guilty plea waives any alleged constitutional violations unrelated to the entry of the guilty plea and any nonjurisdictional defects in the proceedings." *State v. Luttrell*, 2022-Ohio-1148, ¶ 8 (12th Dist.), citing *Ketterer*. And we have recognized that this waiver principle extends to speedy-trial claims under R.C. 2945.71. *Id.* at ¶ 9. Nothing about the IAD suggests that a different rule should govern its speedy-trial provisions.

{¶ 16} Other Ohio appellate courts have reached the same conclusion with respect to IAD claims specifically. In *Bowman*, the Third District addressed whether a defendant who pleaded guilty could subsequently challenge the denial of his motion to dismiss under the IAD. The court observed that the Sixth Circuit Court of Appeals had "determined that the rights created by the IAD are non-jurisdictional," and concluded that permitting IAD claims after a guilty plea "would undercut the policy of achieving prompt and final judgments." *Bowman*, 1990 WL 209806 at *5, citing *Kowalak v. United States*, 645 F.2d 534, 537 (6th Cir. 1981). More recently, in *State v. Barnes*, 2024-Ohio-1737 (3d Dist.), the Third District reaffirmed this principle, holding that "a plea of guilty waives the right to raise a speedy trial claim pursuant to the IAD on appeal." *Id.* at ¶ 18.

{¶ 17} Allen's appellate brief relies heavily on *State v. Jackson*, 2021-Ohio-1660 (8th Dist.), in which the Eighth District reached the merits of an IAD claim and reversed the trial court's denial of a motion to dismiss. But *Jackson* does not help Allen here. In *Jackson*, the defendant entered a no-contest plea, and, critically, it appears that the State

never raised the guilty-plea waiver argument on appeal. The Eighth District therefore did not address the waiver question. It simply proceeded to the merits of an argument the State evidently had not contested. We, by contrast, must address the waiver issue because the State has squarely raised it. *Jackson* is thus not contrary authority on the waiver question. It is simply silent on a question that was never presented to the court.

{¶ 18} Because an IAD defect is non-jurisdictional, a knowing and voluntary guilty plea waives it. That conclusion holds even though Allen may not have been specifically informed at the time of his plea that his guilty plea would extinguish his IAD claim. A guilty plea's waiver effect does not depend on whether the defendant was specifically advised that a particular pretrial claim would be forfeited. As the U.S. Supreme Court has explained, "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). This rationale applies with equal force to statutory claims under the IAD. Although *Tollett* spoke specifically of constitutional rights, the broader principle that a guilty plea waives all non-jurisdictional defects—whether constitutional or statutory—is well established. *See Ketterer*, 2006-Ohio-5283, at ¶ 105; *Bowman*, 1990 WL 209806 at *5. The waiver flows from the nature of the plea itself, not from the defendant's subjective awareness of every consequence that attaches to it. Allen's plea colloquy, in which the trial court conducted a full Crim.R. 11 inquiry and Allen confirmed that his counsel had reviewed the rights he was waiving and answered all his questions, was facially adequate. *See Ketterer*, 2006-Ohio-5283, at ¶ 75-78.

{¶ 19} *Bowman* itself illustrates this point. There, the defendant pleaded guilty under the mistaken belief that the IAD issue was jurisdictional and therefore could be appealed despite his plea. The Third District found the plea voluntary and the IAD claim waived anyway. *Bowman*, 1990 WL 209806 at *5. The *Bowman* defendant's plea was voluntary even though he affirmatively misunderstood the waiver consequences; Allen's plea can hardly be deemed involuntary simply because the record is silent on whether he considered the question at all.

**B. Allen Did Not Preserve His IAD Claim Through His Guilty Plea**

{¶ 20} Allen implicitly suggests that his IAD claim survived his guilty plea because his counsel asked at sentencing that "the IAD motion be preserved." The trial court responded that the motion was "already part of the court's file." This exchange, however, did not operate to preserve the claim for appellate review.

{¶ 21} Ohio law does not recognize a mechanism by which a defendant may plead guilty while reserving the right to appeal the denial of a pretrial motion. Unlike the federal system, where Fed.R.Crim.P. 11(a)(2) expressly authorizes conditional guilty pleas with the consent of the court and the government, Ohio has no equivalent rule permitting a defendant to enter a guilty plea while preserving specific issues for appeal. *Bowman* is again illustrative. There, the defendant entered a guilty plea "with the understanding that the IAD issue was a jurisdictional question and therefore appealable." *Bowman*, 1990 WL 209806 at *4. The prosecutor acknowledged on the record that he was offering the plea deal precisely because "a guilty plea would prevent Bowman from appealing the IAD speedy trial issue and the state wished to avoid an appeal." *Id.* at *5. Yet the Third District still found the IAD claim waived. The *Bowman* defendant, who explicitly reserved what he

believed to be an appealable issue, and with full awareness on both sides, could not preserve his claim through a guilty plea.

{¶ 22} We are aware that the Third District in *Bowman*, after concluding that the IAD claim was waived by the guilty plea, went on to address the merits anyway "in the interest of justice." *Id.* at *6. We decline to follow that course here. Where the waiver is dispositive, reaching the merits of a forfeited claim would be an advisory exercise that we are not required to undertake. Allen's brief devotes its entire argument to the IAD merits and never addresses the waiver issue that the State squarely raised. Allen filed no reply brief. We will not construct arguments on his behalf that he chose not to make.

### III. Conclusion

{¶ 23} Because we hold that Allen's guilty plea waived his IAD claim, we need not address whether the trial court correctly concluded that no IAD violation occurred. The assignment of error is overruled. The trial court's judgment is affirmed.

HENDRICKSON, P.J., and SIEBERT, J., concur.

- 10 -

## J U D G M E N T   E N T R Y

The assignment of error properly before this court having been ruled upon, it is the order of this court that the judgment or final order appealed from be, and the same hereby is, affirmed.

It is further ordered that a mandate be sent to the Clermont County Court of Common Pleas for execution upon this judgment and that a certified copy of this Opinion and Judgment Entry shall constitute the mandate pursuant to App.R. 27.

Costs to be taxed in compliance with App.R. 24.

*/s/ Robert A. Hendrickson, Presiding Judge*

*/s/ Mike Powell, Judge*

*/s/ Melena S. Siebert, Judge*