[Cite as *State v. Reynolds*, 2020-Ohio-4354.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2019-08-077 |
| | : | O P I N I O N |
| - vs - | | 9/8/2020 |
| | : | |
| JESSICA REYNOLDS, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM WARREN COUNTY COURT
Case No. 2018CRB001026

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for appellee

Repper-Pagan Law, Ltd., Christopher J. Pagan, Jacob D. Long, 1501 First Avenue, Middletown, Ohio 45044, for appellant

**PIPER, J.**

{¶1} Appellant, Jessica Reynolds, appeals her convictions for domestic violence and child endangering in the Warren County Court.

{¶2} Reynolds was charged by complaint with domestic violence and child endangerment, both misdemeanors of the first degree. Reynolds pled not guilty to the charges. She later executed a jury waiver form in order to have her case tried by the bench.

On the first day of trial, the trial court acknowledged its receipt of Reynolds' jury wavier form, but did not confirm with Reynolds that she had made such waiver. The trial court proceeded with the bench trial and found Reynolds guilty of both counts.

{¶3} The trial court sentenced Reynolds to an aggregate term of 180 days in jail, which was suspended, a fine, nonreporting supervision, and community service. Reynolds now appeals her convictions.

{¶4} However, before we address Reynolds' arguments, we first recognize, as conceded by the state, that the trial court was without jurisdiction to convict Reynolds of endangering children.

{¶5} The child endangering charge was brought in municipal court pursuant to R.C. 2919.22(B)(1) and alleged that Reynolds committed child endangering by abusing L.C. However, R.C. 2151.23 confers exclusive original jurisdiction of such cases upon juvenile courts. Specifically, R.C. 2151.23 provides, in pertinent part, that:

> The juvenile court has exclusive original jurisdiction under the Revised Code as follows:
>
>    * * *
>
> (6) To hear and determine all criminal cases in which an adult is charged with a violation of * * * division (B)(1) of section 2919.22, * * * provided the charge is not included in an indictment that also charges the alleged adult offender with the commission of a felony arising out of the same actions that are the basis of the alleged violation of * * * division (B)(1) of section 2919.22 * * * of the Revised Code.

R.C. 2151.23(A)(6)'s felony indictment exception is inapplicable, as all the charges filed against Reynolds in the county court were misdemeanors. *State v. Middleton*, 2d Dist. Greene No. 2019-CA-22, 2020-Ohio-1308, ¶ 29.

{¶6} As a result, Reynolds' conviction for child endangering is void and must be vacated. *Id.* at ¶ 31. We therefore confine our review to Reynolds' conviction for domestic

- 2 -

violence only, specific to her argument that her jury waiver was invalid. Specifically, Reynolds argues that the trial court erred in proceeding with a bench trial without first accepting her jury waiver in open court.

{¶7} According to R.C. 2945.05, "in all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof." The statute goes on to require that the waiver "must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel."[1]

{¶8} Therefore, to be valid, a waiver must meet five conditions. It must be (1) in writing, (2) signed by the defendant, (3) filed, (4) made part of the record, and (5) made in open court. *State v. Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277.

> A trial court does not need to engage in an extended colloquy with the defendant in order to comply with the statutory requirement that a jury waiver be made in open court. There must be, however, some evidence in the record of the proceedings that the defendant acknowledged the waiver to the trial court while in the presence of counsel, if any. Absent such evidence, the waiver does not comply with the requirements of R.C. 2945.05 and is therefore invalid.

*Id.* at ¶ 42.

{¶9} While the "in open court" requirement may be satisfied when the trial court inquires whether the defendant had voluntarily signed a jury trial waiver, it is not satisfied by a trial court's "passing reference" to the waiver. *Id.* at ¶ 47. Instead, the trial court, at a minimum, should have the defendant orally acknowledge in the courtroom and in the

---

1. Crim.R. 23(A) governs jury waiver issues as well. The rule provides that a defendant may knowingly, intelligently, and voluntarily waive in writing his or her right to trial by jury. Reynolds does not challenge whether her waiver was made knowingly, intelligently, and voluntarily, but rather, if there was a valid waiver in the first place.

presence of counsel that he or she is waiving the right to a jury trial. *Id.* Moreover, and even though a "written jury waiver as required by R.C. 2945.05 is necessary for a valid waiver," such is insufficient on its own to satisfy the statutory requirement. *Id.* at ¶ 40.

{¶10} "Absent strict compliance with the requirements of R.C. 2945.05, a trial court lacks jurisdiction to try the defendant without a jury." *State v. Pless*, 74 Ohio St.3d 333 (1996), paragraph one of the syllabus.

{¶11} Four of the five points noted above regarding proper waiver pursuant to R.C. 2945.05 are not in issue because the record is undisputed that Reynolds signed a written waiver, which was filed and made a part of the record. However, she contends that her jury waiver did not satisfy the open-court requirement of R.C. 2945.05. We agree.

{¶12} The case sub judice is like the Ohio Supreme Court's *Lomax* case in which the court specifically addressed what constitutes a valid jury waiver in open court in satisfaction of R.C. 2945.05. The court noted that the trial court did not address Lomax to have him acknowledge in the courtroom and in the presence of his counsel that he was waiving his right to a jury trial. *Id.* at ¶ 47. Based on a lack of acknowledgment, the court determined that Lomax's waiver was invalid and held that in addition to a signed and filed waiver form, "to satisfy the 'in open court' requirement in R.C. 2945.05, there must be some evidence in the record that the defendant while in the courtroom and in the presence of counsel, if any, acknowledged the jury waiver to the trial court." *Id.* at ¶ 49. Reynolds made no such acknowledgment.

{¶13} During the first day of Reynolds' trial, the trial court noted, "the Court was notified at a status conference that the Defendant would waive her right to a jury trial. The Court is in receipt [...] of that written waiver, so the case will proceed with a bench trial." Rather than personally address Reynolds or have her acknowledge that she was in fact waiving her right to a jury trial, the trial court asked the state if it was prepared to move

forward.

{¶14} Like *Lomax*, and while it is undisputed that Reynolds executed the written waiver form, the trial court's passing reference to the form did not satisfy the requirements of R.C. 2945.05 that Reynolds make her waiver in open court. Nor is there any evidence in the record that Reynolds acknowledged her waiver to the trial court while in the presence of counsel. See *State v. Banks*, 10th Dist. Franklin No. 18AP-808, 2019-Ohio-5440, ¶ 24 (reversing conviction for lack of a valid jury waiver where the transcript referenced the jury waiver form but the trial court did not personally address the appellant about the waiver and appellant never orally acknowledged, in open court, that he wished to waive the right to a jury trial).

{¶15} Because Reynolds' waiver was not made in open court, the trial court lacked jurisdiction to conduct a bench trial. We therefore sustain Reynolds' first assignment of error, reverse her conviction for domestic violence, and remand the case for further proceedings.[2]

{¶16} Judgment reversed. Reynolds' convictions are vacated, and the matter is remanded for further proceedings consistent with this opinion.

M. POWELL, P.J., and S. POWELL, J., concur.

---

2. Given our disposition of Reynolds' first assignment of error, and in accordance with App.R. 12(A)(1)(c), we find Reynolds' unaddressed assignments of error moot. The remaining issues Reynolds raises, while capable of repetition, will not evade review given the forthcoming remand and further proceedings.