**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Reynolds v. Kirby*, Slip Opinion No. 2023-Ohio-782.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2023-OHIO-782

THE STATE EX REL. REYNOLDS *v*. KIRBY, JUDGE, ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Reynolds v. Kirby*, Slip Opinion No. 2023-Ohio-782.]**

*Mandamus—Prohibition—R.C. 2945.44(A)—Neither probate-juvenile court's status as a division of a common pleas court nor its status as a probate court vested it with jurisdiction to grant application for immunity in criminal case— Prosecutor has no clear legal duty to file an application for immunity in general division of common pleas court because R.C. 2945.44(A) gives prosecutors discretion whether to pursue immunity—Writ granted to compel probate-juvenile court to vacate order granting immunity to two witnesses, and prosecutor's motion to dismiss complaint granted.*

(No. 2022-0630—Submitted January 10, 2023—Decided March 16, 2023.)

IN MANDAMUS and PROHIBITION.

————————————

**Per Curiam.**

{¶ 1} If a witness refuses to testify after asserting the privilege against self-incrimination, R.C. 2945.44(A) authorizes "the court of common pleas of the county in which the proceeding is being held" to compel the witness to testify and to grant the witness immunity from prosecution for any criminal act about which the witness will testify. The issue in this original action is whether the probate-juvenile division of a common pleas court had jurisdiction to grant an application for immunity filed under R.C. 2945.44 in a criminal case. For the reasons that follow, we hold that the probate-juvenile court patently and unambiguously lacked jurisdiction to do so. We therefore grant a peremptory writ of prohibition compelling the probate-juvenile court to vacate its order granting such immunity to two witnesses.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} In December 2018, relator, Jessica R. Reynolds, was charged with misdemeanor counts of domestic violence and child endangering relating to her juvenile son, L.C. Her case was assigned to respondent Judge Gary A. Loxley of the Warren County Court. Like a municipal court, the Warren County Court has jurisdiction over misdemeanor offenses. R.C. 1901.20(A)(1) and 1907.02(A)(1). After conducting a bench trial, Judge Loxley convicted Reynolds of both charges.

{¶ 3} Reynolds appealed to the Twelfth District Court of Appeals, which vacated her convictions after determining that the county court lacked jurisdiction over the child-endangering offense and lacked jurisdiction to conduct a bench trial. *State v. Reynolds*, 12th Dist. Warren No. CA2019-08-077, 2020-Ohio-4354.

{¶ 4} Thereafter, the prosecution filed an application in the county court seeking immunity for L.C. under R.C. 2945.44. Judge Loxley denied the application for want of jurisdiction, noting that under the statute, applications for immunity must be filed in the court of common pleas.

**{¶ 5}** The prosecution then filed an application under R.C. 2945.44 in the Probate-Juvenile Division of the Warren County Court of Common Pleas (hereinafter, "the probate-juvenile court"). The application requested immunity for both L.C. and his stepbrother, M.R., stating that during an interview with Reynolds's counsel, L.C. described the events giving rise to the charges differently than how he had initially alleged them to law enforcement. In a December 7, 2021 order, respondent Judge Joseph W. Kirby granted immunity to both witnesses. Reynolds appealed the order to the Twelfth District, which dismissed the appeal for lack of a final, appealable order.

**{¶ 6}** Reynolds now seeks a writ of mandamus to compel Judge Kirby to vacate his order granting immunity to L.C. and M.R. and a writ of prohibition to prevent Judge Loxley from giving effect to that order at Reynolds's criminal trial. She also seeks a writ of mandamus to compel respondent Warren County Prosecuting Attorney David P. Fornshell to petition the Warren County Common Pleas Court for witness immunity.

**{¶ 7}** Fornshell and Judges Kirby and Loxley have moved to dismiss the complaint pursuant to Civ.R. 12(B)(6) for failure to state a claim upon which relief can be granted.

## II. LEGAL ANALYSIS

### A. *Request for writs of mandamus and prohibition against Judges Kirby and Loxley*

#### 1. Applicable legal standards

**{¶ 8}** To be entitled to a writ of mandamus, a relator must establish by clear and convincing evidence (1) a clear legal right to the requested relief, (2) a clear legal duty on the part of the respondent to provide it, and (3) the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Love v. O'Donnell*, 150 Ohio St.3d 378, 2017-Ohio-5659, 81 N.E.3d 1250, ¶ 3.

**{¶ 9}** To be entitled to a writ of prohibition, a relator must establish by clear and convincing evidence (1) the exercise of judicial power, (2) the lack of authority for the exercise of that power, and (3) an injury that would result from denial of the writ for which no adequate remedy exists in the ordinary course of the law. *See State ex rel. Elder v. Camplese*, 144 Ohio St.3d 89, 2015-Ohio-3628, 40 N.E.3d 1138, ¶ 13. If the respondent's lack of jurisdiction is patent and unambiguous, the relator need not establish the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Ford v. Ruehlman*, 149 Ohio St.3d 34, 2016-Ohio-3529, 73 N.E.3d 396, ¶ 62. And in such cases, mandamus or prohibition will lie to prevent the unauthorized exercise of jurisdiction in the future *and* to provide relief from prior judicial actions taken without jurisdiction. *State ex rel. Smith v. Frost*, 74 Ohio St.3d 107, 109, 656 N.E.2d 673 (1995).

**{¶ 10}** For a court to grant a motion to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that the nonmovant can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in the nonmovant's favor. *State ex rel. Sands v. Court of Common Pleas Judge*, 155 Ohio St.3d 238, 2018-Ohio-4245, 120 N.E.3d 799, ¶ 7; *State ex rel. Hemsley v. Unruh*, 128 Ohio St.3d 307, 2011-Ohio-226, 943 N.E.2d 1014, ¶ 8.

**2. The probate-juvenile court's status as a division of the common pleas court does not vest it with jurisdiction to grant immunity under R.C. 2945.44**

**{¶ 11}** Reynolds acknowledges that R.C. 2945.44 "authorizes a common pleas court to grant immunity," but she claims that the statute does not authorize a juvenile division of a court of common pleas to do so. Judges Kirby and Loxley argue that because the probate-juvenile court is a division of the Warren County Court of Common Pleas, R.C. 2945.44 vests the probate-juvenile court with jurisdiction to rule on an application for immunity and that Judge Kirby possessed

4

the requisite jurisdiction to issue the order granting immunity to L.C. and M.R. Therefore, the judges contend, Reynolds can prove no set of facts that would entitle her to relief.

{¶ 12} R.C. 2945.44(A) provides:

In any criminal proceeding in this state * * *, if a witness refuses to answer or produce information on the basis of the witness's privilege against self-incrimination, *the court of common pleas* of the county in which the proceeding is being held, unless it finds that to do so would not further the administration of justice, shall compel the witness to answer or produce the information, if both of the following apply:

(1) The prosecuting attorney of the county in which the proceedings are being held makes a written request to the court of common pleas to order the witness to answer or produce the information, notwithstanding the witness's claim of privilege; [and]

(2) the court of common pleas informs the witness that by answering, or producing the information the witness will receive immunity under division (B) of this section.

(Emphasis added.)

{¶ 13} R.C. 2945.44 plainly grants courts of common pleas the power to grant immunity to witnesses in criminal proceedings on the written application of the prosecution. The important question for our purposes is whether the statute's reference to "the court of common pleas" includes all divisions of that court.

{¶ 14} The Ohio Constitution provides, "The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters * * * as may be provided by law." Ohio Constitution, Article IV, Section 4(B).

The "provided by law" qualification means that there must be a statutory basis for jurisdiction. R.C. 2931.03 and 2305.01 give common pleas courts jurisdiction over all but the most minor criminal offenses and civil cases. We have held that "the court of common pleas is a court of general jurisdiction, with subject matter jurisdiction that extends to 'all matters at law and in equity that are not denied to it.' " *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 20, quoting *Saxton v. Seiberling*, 48 Ohio St. 554, 558-559, 29 N.E. 179 (1891).

**{¶ 15}** While probate courts—like the courts of common pleas—are provided for in the Ohio Constitution, juvenile courts were established by statute. *See* Article IV, Section 4(C) ("Unless otherwise provided by law, there shall be a probate division and such other divisions of the courts of common pleas as may be provided by law"). As a statutory creation, a juvenile court "possesses only the jurisdiction that the General Assembly has expressly conferred upon it." *In re Gibson*, 61 Ohio St.3d 168, 172, 573 N.E.2d 1074 (1991). R.C. 2151.07 provides that a "juvenile court is a court of record within the court of common pleas" and vests juvenile courts with "the powers and jurisdiction conferred in Chapters 2151. and 2152. of the Revised Code." R.C. 2151.23 limits the juvenile court's jurisdiction to certain subject matters involving juveniles. Nothing in R.C. 2151.23—or Chapters 2151 and 2152 generally—gives the juvenile court authority to grant immunity from prosecution for a criminal act.

**{¶ 16}** Furthermore, while the General Assembly has expressly conferred the powers and jurisdiction of the court of common pleas on the domestic-relations and juvenile divisions in some counties, Warren County is not among them. For example, eight provisions of R.C. 2301.03 specify that judges "shall be elected and designated as judge[s] of the court of common pleas, juvenile division," shall be "the juvenile judge[s] as provided in Chapters 2151. and 2152. of the Revised Code," and shall have "the powers and jurisdiction[s]" conferred by those chapters.

R.C. 2301.03(D)(2), (E)(2), (F)(2), (G)(2), (I)(2), (K)(2), (M)(2), and (O)(2) (respectively conferring jurisdiction to judges of the court of common pleas, juvenile division, in Lucas, Mahoning, Montgomery, Richland, Summit, Butler, Lake, and Greene Counties). Those provisions expressly provide that the judges elected to the juvenile courts in those counties "shall have the same qualifications, *exercise the same powers and jurisdiction*, and receive the same compensation as [the] other judges of the court of common pleas." (Emphasis added.) R.C. 2301.03(D)(2), (E)(2), (F)(2), (G)(2), (I)(2), (K)(2), (M)(2), and (O)(2). In construing another provision of R.C. 2301.03, which applies to the Cuyahoga County Court of Common Pleas, Division of Domestic Relations, we determined that that court's jurisdiction was not limited to divorce, dissolution-of-marriage, legal-separation, and annulment cases, because the enabling statute provided that the judges of that court "retain 'the same powers and jurisdiction * * * as other judges of the court of common pleas.' " (Ellipsis sic.) *Pula v. Pula-Branch*, 129 Ohio St.3d 196, 2011-Ohio-2896, 951 N.E.2d 72, ¶ 6, quoting R.C. 2301.03(L)(1).

{¶ 17} The General Assembly has *not* conferred the general powers of the common pleas court on the probate-juvenile court in Warren County. Rather, R.C. 2301.03(R) confers such concurrent authority on only judges of the division of domestic relations in that county. Thus, in Warren County, the probate-juvenile court does not possess the same powers and jurisdiction as the General Division of the Warren County Court of Common Pleas.[1] Accordingly, we conclude that the

---

1. This conclusion conflicts with *In re Poth*, 2 Ohio App.3d 361, 442 N.E.2d 105 (6th Dist.1981), in which the court of appeals held that the Juvenile Division of the Huron County Court of Common Pleas had jurisdiction to grant an application for immunity under R.C. 2945.44 because R.C. 2151.21 affords juvenile courts the same jurisdiction in contempt as the courts of common pleas and because under the version of R.C. 2151.07 in effect at that time, juvenile courts were courts of record within the domestic-relations or probate divisions of the courts of common pleas. *See* former R.C. 2151.07, Am.H.B. No. 574, 134 Ohio Laws, Part II, 2081, 2082. Importantly, the court in *Poth* failed to consider whether the General Assembly had enacted any statute conferring the jurisdiction of the court of common pleas on the juvenile court. Because the Huron County Court of Common Pleas, Juvenile Division, had not been granted those powers, *see* R.C. 2301.03, *Poth* was wrongly decided.

probate-juvenile court's status as a division of a common pleas court does not vest it with jurisdiction to grant witness immunity under R.C. 2945.44.

### 3. The probate-juvenile court's status as a probate court does not vest it with jurisdiction to grant immunity under R.C. 2945.44

{¶ 18} The only other potential source of jurisdiction for the probate-juvenile court to grant witness immunity under R.C. 2945.44 is its status as a probate court.

{¶ 19} Probate courts, like juvenile courts, are courts of limited jurisdiction that can exercise only the authority granted to them by statute and the Ohio Constitution.[2]  *See In re Guardianship of Spangler*, 126 Ohio St.3d 339, 2010-Ohio-2471, 933 N.E.2d 1067, ¶ 46.  The primary statute conferring jurisdiction on probate courts, R.C. 2101.24, grants them exclusive jurisdiction over numerous matters relating to probate estates, guardianships, trusts, and postdeath disputes.

{¶ 20} In addition, R.C. 2101.24(B)(1) sets forth three circumstances in which a probate court has jurisdiction concurrent with that of the general division of the court of common pleas.  The only provision of that statute that could apply to the facts of the underlying case authorizes a probate court to exercise jurisdiction concurrent with that of the general division of the court of common pleas in an action involving a particular subject matter "[i]f jurisdiction relative to [that] subject matter is stated to be concurrent in a section of the Revised Code or has been construed by judicial decision to be concurrent." R.C. 2101.24(B)(1)(a).  R.C. 2945.44 does not expressly grant concurrent jurisdiction to probate courts, and Reynolds has cited no decision construing that statute as conferring such jurisdiction.

---

2. Although Article IV, Section 8 of the Ohio Constitution previously set forth the jurisdiction of the probate court, that provision was repealed effective May 7, 1968.

**{¶ 21}** In light of the foregoing, we conclude that the probate-juvenile court's status as a probate court does not vest it with jurisdiction to grant witness immunity under R.C. 2945.44.

### 4. The probate-juvenile court patently and unambiguously lacks jurisdiction to grant immunity under R.C. 2945.44

**{¶ 22}** The probate-juvenile court possesses only the jurisdiction that the General Assembly has conferred on it. Because that court has not been granted jurisdiction concurrent with that of the court of common pleas, it patently and unambiguously lacked jurisdiction to grant immunity to L.C. and M.R. under R.C. 2945.44. Therefore, we deny the motion of Judges Kirby and Loxley to dismiss Reynolds's complaint and we grant a peremptory writ of prohibition to compel Judge Kirby to vacate his December 7, 2021 immunity order. *See Hughes v. Calabrese*, 95 Ohio St.3d 334, 2002-Ohio-2217, 767 N.E.2d 725, ¶ 15 ("Where an inferior court patently and unambiguously lacks jurisdiction over the cause, prohibition will lie both to prevent the future unauthorized exercise of jurisdiction and to correct the results of prior actions taken without jurisdiction").

**{¶ 23}** Our judgment granting a peremptory writ of prohibition against Judge Kirby renders moot Reynolds's request for a writ of prohibition to prevent Judge Loxley from giving effect to the invalid immunity order because there is no suggestion in the record that Judge Loxley intends to give effect to that order even if vacated.

### B. *Reynolds has not alleged facts showing that she is entitled to a writ of mandamus against Fornshell*

**{¶ 24}** Reynolds also seeks a writ of mandamus to compel Fornshell to petition the Warren County Common Pleas Court—rather than the probate-juvenile division of that court—to grant L.C. and M.R. immunity under R.C. 2945.44. Fornshell counters that the probate-juvenile court in Warren County is a division of the court of common pleas in that county and that it therefore possessed the

requisite jurisdiction to rule on the application for immunity that his office filed in that court. Accordingly, Fornshell argues that Reynolds has no legal right to compel him to apply for witness immunity and that there is no clear legal duty on his part to file an application for immunity in another court.

**{¶ 25}** R.C. 2945.44(A) provides for a grant of immunity upon the written request of the prosecuting attorney in a criminal proceeding for a witness who has refused to answer or produce information on the basis of the witness's privilege against self-incrimination—but it does not *require* the prosecuting attorney to seek such immunity. Instead, the statute gives the prosecutor discretion to pursue immunity. "A writ cannot compel the exercise of a permissive act." *State ex rel. Xenia v. Greene Cty. Bd. of Commrs.*, 160 Ohio St.3d 495, 2020-Ohio-3423, 159 N.E.3d 262, ¶ 10, citing *State ex rel. Hodges v. Taft*, 64 Ohio St.3d 1, 4, 591 N.E.2d 1186 (1992).

**{¶ 26}** Because Fornshell has no clear legal duty to file an application for immunity in the general division of the court of common pleas, Reynolds cannot establish that she has a clear legal right to a writ of mandamus to compel such a filing. We therefore grant Fornshell's motion to dismiss.

### III. CONCLUSION

**{¶ 27}** Accordingly, we deny the motion of Judges Kirby and Loxley to dismiss the complaint, grant a peremptory writ of prohibition to compel Judge Kirby to vacate his December 7, 2021 immunity order, and deny as moot Reynolds's request for a writ of prohibition preventing Judge Loxley from giving effect to Judge Kirby's immunity order. We also grant Fornshell's motion to dismiss the complaint as it relates to him.

Writ of prohibition granted in part
and denied in part
and writ of mandamus denied.

KENNEDY, C.J., and FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ., concur.

————————————

Repper-Pagan Law, Ltd., and Christopher J. Pagan, for relator.

Michael T. Gmoser, Butler County Prosecuting Attorney, and Michael Greer, Assistant Prosecuting Attorney, for respondents Judge Joseph W. Kirby and Judge Gary A. Loxley.

David P. Fornshell, Warren County Prosecuting Attorney, and Adam M. Nice, Assistant Prosecuting Attorney, for respondent Warren County Prosecuting Attorney David P. Fornshell.

————————————