[Cite as *State v. Fields*, 2024-Ohio-1426.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

      Plaintiff-Appellee

-vs-

GERALD D. FIELDS

      Defendant-Appellant

JUDGES:
Hon. Patricia A. Delaney, P.J.
Hon. John W. Wise, J.
Hon. Craig R. Baldwin, J.

Case No. CT2023-0094

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case No. CR2019-0123 |
| JUDGMENT: | Dismissed |
| DATE OF JUDGMENT ENTRY: | April 12, 2024 |

APPEARANCES:

For Plaintiff-Appellee

RONALD WELCH
PROSECUTING ATTORNEY
JOSEPH A. PALMER
ASSISTANT PROSECUTOR
27 North Fifth Street
Zanesville, Ohio 43702

For Defendant-Appellant

GERALD D. FIELDS
PRO SE
NOBLE CORRECTIONAL INSTITUION
15708 McConnelsville Road
Caldwell, Ohio 43724-8902

*Wise, J.*

{¶1}    Defendant-Appellant Gerald Fields appeals the Muskingum County Court of Common Pleas November 14, 2023, Entry finding the $7,700.00 in this case to be abandoned and ordering it to be released and distributed in equal shares to the Muskingum County Prosecutor's Office and the Zanesville Police Department.

{¶2}    Plaintiff-Appellee is the State of Ohio.

### STATEMENT OF THE FACTS AND CASE

{¶3}    The relevant facts and procedural history are as follows:

{¶4}     In February of 2019, Appellant was indicted on several counts, including counts for trafficking in drugs for both cocaine and marijuana. Each of the counts had a forfeiture specification with regard to, *inter alia*, $7,700.00 in cash seized from a pillowcase during a search of Appellant's residence.

{¶5}    The record in this case indicates that during the criminal trial Appellant called Misty Roe, his girlfriend at the time, to testify on his behalf. Ms. Roe testified as follows with regard to the seized funds:

Q: Okay. There was three bundles of U.S. currency located in a pillowcase. Are you aware of that?

A: Yeah.

Q: Whose pillow –

A: Mine.

Q: -- and pillowcase was that?

A: My pillowcase.

Q: Do you sleep on it?

A: Yes, sir.

Q: What's that money from?

A: It was from my checks, and I just got my tax money back.

{¶6} While Ms. Roe further testified that the money was jointly hers and Appellant's, the record before this Court shows that she did not waver in her testimony that the money was derived solely from her checks and her tax return.

{¶7} On June 5, 2019, the jury found Appellant guilty of drug possession, drug trafficking, and the illegal manufacture of drugs. However, with regard to the forfeiture specifications, the jury verdict form stated: "We, the jury, find that the Seven Thousand Seven Hundred ($7,700.00) in lawful U.S. Currency IS NOT subject to forfeiture to the State of Ohio." (Emphasis original.) Appellee argued that, based upon the jury form and the jury's refusal to find the money subject to forfeiture despite Appellant's guilt, the jury did not believe that the money belonged to Appellant, but rather, believed that it belonged to Ms. Roe.

{¶8} On June 6, 2019, the trial court issued a judgment entry finding Appellant guilty of possession of drugs (cocaine), possession of drugs (marijuana), trafficking in cocaine, trafficking in marijuana, and illegal manufacture of drugs (cocaine). Additionally, the judgment entry specifically provided that "the jury found the seven thousand seven hundred dollars ($7,700) was not subject to forfeiture to the State of Ohio."

{¶9} Appellant filed a direct appeal challenging his conviction and sentence, and this Court affirmed the decision in *State v. Fields*, 5th Dist. Muskingum No. CT2019-0073, 2020-Ohio-3995. The State of Ohio did not file a cross-appeal with regard to the jury's finding that the $7,700.00 seized from Appellant's home was not subject to forfeiture.

{¶10} In November and December of 2019, Appellant filed a motion for return of property and a motion for judgment on the pleadings in the criminal matter. Additionally, he filed a motion to release and return "unlawfully held property" in July of 2020. The trial court denied all three of Appellant's motions on September 21, 2020, none of which Appellant appealed.

{¶11} On September 28, 2020, Appellant filed a complaint/petition for a writ of mandamus against the trial court judge, the Muskingum County Court of Common Pleas, and the Zanesville Police Department requesting that this Court order the trial court judge and/or the Zanesville Police Department to release to his agent the $7,700.00 in cash. The trial court judge, the Muskingum County Court of Common Pleas, and the Zanesville Police Department filed a motion to dismiss Appellant's petition based upon the sole argument that Appellant was not entitled to a writ of mandamus because he had an adequate remedy at law - appealing the decisions of the trial court denying his motions to return property.

{¶12} In *Fields v. Cottrill*, 5th Dist. Muskingum No. CT2020-0046, 2020-Ohio-5163, this Court granted the motion to dismiss the mandamus petition. However, we did not find persuasive or adopt the reasoning advanced by the respondents that Appellant's adequate remedy at law was to appeal the decisions of the trial court denying his motions to return property. Rather, we held that "Fields has an adequate remedy at law that precludes the issuance of a writ of mandamus. This adequate remedy is an action in replevin." *Id.* at ¶ 6. We based our determination upon this Court's holding in *State v. Young*, 5th Dist. Richland No. CA-2810, 1991 WL 87203 (May 3, 1991), which held that a trial court does not have jurisdiction to hear a defendant's motion to return property after

the judgment of conviction and sentence, and that, in order to reclaim possession of property, the defendant's proper remedy was to file an action in replevin, stating that "when the police seized Appellant's property, they effectively became bailees of the property and remain as such unless and until [Appellant] commence[s] a forfeiture proceeding * * *." *Id.* at 1. We also cited in our mandamus decision the Ohio Supreme Court case of *State ex rel. Johnson v. Kral*, 153 Ohio St.3d 231, 2018-Ohio-2382, 103 N.E.3d 814, in which the Supreme Court affirmed the court of appeals' dismissal of a complaint for writ of mandamus and found that the relator had an adequate remedy at law for the return of property held by the Toledo Police Department, which was filing an action for replevin. *Id.* at ¶ 5.

{¶13} On March 5, 2021, Appellant commenced an action in replevin by filing a motion for order of possession and affidavit in support of motion for order of possession against Dennis M. Haddox, Prosecuting Attorney, and the Zanesville Police Department. On March 12, 2021, Appellees in that action filed a joint motion for summary judgment, arguing that they were entitled to summary judgment because Appellant's replevin complaint was barred by the doctrine of *res judicata* since he failed to appeal the trial court's judgment entries in the criminal matter denying his motions for return of property. Appellant filed a reply in opposition to the motion for summary judgment.

{¶14} On June 4, 2021, the trial court issued a judgment entry granting the Appellees' motion for summary judgment and dismissing Appellant's replevin complaint, specifically finding that the doctrine of *res judicata* prevented Appellant from collaterally attacking the decision of the trial court in a replevin action because he failed to appeal the decisions of the trial court denying his prior motions for return of property.

**{¶15}** Appellant appealed the June 4, 2021, judgment entry, arguing that the trial court erred in applying *res judicata* to bar his replevin claim when no judgment had been rendered regarding the $7,700.00.

**{¶16}** On November 2, 2021, this Court reversed the trial court's decision, finding that it erred in granting summary judgment on the basis of *res judicata*, and remanded the case to the trial court to address and rule on any motions and arguments by the parties.

**{¶17}** On November 30, 2021, Appellant filed a motion for leave to amend complaint instanter to substitute the County of Muskingum as a defendant in place of Dennis M. Haddox, Prosecuting Attorney, and to add a claim for conversion to the replevin action. The trial court did not rule upon the motion for leave to amend.

**{¶18}** On December 13, 2021, Appellant filed a motion for an order of possession seeking an order from the trial court that Appellees be directed to deliver the full $7,700.00 to his agent, Bonny Mummy. Appellant attached an affidavit to his motion for an order of possession in which he, *inter alia*, attested that he had a 100% interest in the monies. The trial court did not rule on the motion for an order of possession.

**{¶19}** On December 13, 2021, Appellant also filed a motion for summary judgment, in which he argued that he was entitled to possession of the $7,700.00, and to which he only attached unauthenticated copies of computer printouts that allegedly established his damages. Appellant failed to attach any evidentiary quality materials to his motion for summary judgment as required by Civ.R. 56(C).

{¶20} Appellees both filed briefs in opposition to Appellant's motion for summary judgment, and also filed their own respective motions for summary judgment. Briefs in opposition and reply briefs in support were filed by all parties.

{¶21} On April 6, 2022, the trial court issued a journal entry scheduling the matter for a bench trial on June 23, 2022. Appellant did not file a motion with the trial court requesting transport to the court for purposes of attending the trial, nor did he file a motion to appear for the trial via electronic means.

{¶22} On June 24, 2022, the trial court issued a journal entry stating that the bench trial went forward as scheduled, that counsel for Appellees appeared, and that Appellant failed to appear. The trial court stated further that the parties had until August 31, 2022, to present written arguments regarding their position, and that all parties would have thirty days within which to file a response.

{¶23} On July 28, 2022, Appellant filed a brief regarding his replevin and conversion claims, to which he attached a copy of the journal entry from his criminal case denying his motion for return of property, and an unauthenticated copy of an inspection report from the City of Zanesville setting forth various code violations for his real property, which he argued he cannot remedy due to Appellees' refusal to return the $7,700.00 to his agent. Appellees filed briefs in response.

{¶24} On March 22, 2023, the trial court issued three separate judgment entries; two judgment entries granted the motions for summary judgment filed by Appellees, and the third judgment entry denied Appellant's motion for summary judgment.

{¶25} Appellant filed an appeal to this Court arguing the trial court erred in denying his motion for summary judgment and in granting Appellees' motions for summary judgment.

{¶26} By Opinion and Entry filed August 25, 2023, this Court affirmed the decision of the trial court. See *Fields v. Zanesville Police Dept.*, 5th Dist. Muskingum No. CT2023-0021, 2023-Ohio-2988, ¶ 22.

{¶27} On October 12, 2023, the State of Ohio filed an Application for Release and Distribution of Abandoned Funds.

{¶28} On October 30, 2023, Appellant filed an Objection to the State's Application for Release and Distribution of Abandoned Funds.

{¶29} By Judgment Entry filed November 14, 2023, the trial court granted the Application, finding the $7,700.00 in U.S. Currency has been abandoned and ordered that said funds shall be released and distributed in equal shares to the Muskingum County Prosecutor's Office and the Zanesville Police Department.

{¶30} Appellant filed a timely appeal from the trial court's decision.

{¶31} On December 27, 2023, the State of Ohio filed a Motion to Dismiss for Lack of Standing by Appellant.

{¶32} By Entry filed January 15, 2024, this Court took the motion under advisement.

{¶33} Appellant now appeals, raising the following assignments of error for review:

**ASSIGNMENTS OF ERROR**

{¶34} "I. THE TRIAL COURT LACKED SUBJECT MATTER JURISDICTION TO CONSTRUCTIVELY FORFEIT MR. FIELDS' $7,700 IN U.S. CURRENCY."

**{¶35}** As a preliminary matter, the instant case is before this Court upon the accelerated calendar pursuant to App.R. 11.1(E), which provides in pertinent part: "The appeal will be determined as provided by App.R. 11.1. It shall be sufficient compliance with App.R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form."

**{¶36}** One of the important purposes of the accelerated calendar is to enable an appellate court to render a brief and conclusory decision more quickly than in a case on the regular calendar where the briefs, facts, and legal issues are more complicated. *State v. Montgomery*, 5th Dist. No. 2017CA00035, 2017-Ohio-4397, 93 N.E.3d 185, ¶ 8, citing *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist. 1983).

**{¶37}** This appeal shall be considered in accordance with the aforementioned rules.

**I.**

**{¶38}** In his sole assignment of error, Appellant argues the trial court lacked subject matter jurisdiction in this matter. We disagree.

**{¶39}** More specifically, Appellant argues the trial court did not have jurisdiction to consider the State of Ohio's Application for Release and Distribution of Abandoned Funds because it presided over the civil action.

**{¶40}** In *State ex rel. Reynolds v. Kirby*, 172 Ohio St.3d 273, 2023-Ohio-782, 223 N.E.3d 417, the Ohio Supreme Court stated:

> The Ohio Constitution provides, 'The courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable

matters * * * as may be provided by law." Article IV, Section 4(B). The "provided by law" qualification means that there must be a statutory basis for jurisdiction. R.C. 2931.03 and 2305.01 give common pleas courts jurisdiction over all but the most minor criminal offenses and civil cases. We have held that "the court of common pleas is a court of general jurisdiction, with subject matter jurisdiction that extends to 'all matters at law and in equity that are not denied to it.' " *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 20, quoting *Saxton v. Seiberling*, 48 Ohio St. 554, 558-559, 29 N.E. 179 (1891).

**{¶41}** Here, the trial court clearly had subject-matter jurisdiction over Appellant's criminal case under R.C. §2931.03, which gives common pleas courts subject-matter jurisdiction over felony cases. Appellant has not identified any statute that removed the trial court's jurisdiction." *Id.* at ¶ 9, citing *Ohio High School Athletic Assn. v. Ruehlman*, 157 Ohio St.3d 296, 2019-Ohio-2845, 136 N.E.3d 436, ¶ 9 ("when we have found that a court of common pleas patently and unambiguously lacks jurisdiction, it is almost always because a statute explicitly removed that jurisdiction"). While Appellant attempts to challenge the Court's authority in jurisdictional terms, he fails to point to any authority supporting his claim that the trial court had lacked jurisdiction over the civil action or the criminal case.

**{¶42}** We further find that Appellant lacks standing to challenge the trial court's order.

**{¶43}** Standing is "a jurisdictional requirement; a party's lack of standing vitiates the party's ability to invoke the jurisdiction of a court - even a court of competent subject-

matter jurisdiction - over the party's attempted action." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 22. A "determination of standing necessarily looks to the rights of the individual parties to bring the action, as they must assert a personal stake in the outcome of the action in order to establish standing." *Kuchta* at ¶ 23, citing *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 27. "Lack of standing is certainly a fundamental flaw that would require a court to dismiss the action * * *." *Id.*, citing *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 40.

**{¶44}** Here, both this Court and the Muskingum County Common Pleas Court have determined that the $7,700 at issue in this case did not belong to Appellant. *See Fields v. Zanesville Police Dept.*, 5th Dist. Muskingum No. CT2023-0021, 2023-Ohio-2988. We therefore find Appellee State of Ohio's motion to dismiss for lack of standing well-taken.

**{¶45}** Accordingly, Appellant's appeal is dismissed.

By: Wise, J.

Delaney, P. J., and

Baldwin, J., concur.

JWW/kw 0410