[Cite as *Seelbaugh v. Montgomery Cty. Common Pleas Court*, 2024-Ohio-5705.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | |
|---|---|
| SEELBAUGH, CHRISTOPHER PAUL, GRANTOR/TRUSTEE OF THE CHRISTOPHER PAUL SEELBAUGH, REVOCABLE LIVING TRUST | C.A. No. 30292 |
| Relator | **DECISION AND FINAL JUDGMENT ENTRY** |
| v. | |
| THE COMMON PLEAS COURT OF MONTGOMERY COUNTY, OHIO DIVISION OF DOMESTIC RELATIONS, THE MONTGOMERY COUNTY CHILD SUPPORT AGENCY | |
| Respondents | |

_____

PER CURIAM:

{¶ 1} The respondents in this original action are the Common Pleas Court of Montgomery County, Ohio, Division of Domestic Relations ("DR Court") and the Montgomery County Child Support Enforcement Agency ("CSEA"). The relator is "Seelbaugh, Christopher Paul, Grantor/Trustee of The CHRISTOPHER PAUL SEELBAUGH, Revocable Living Trust." On November 6, 2024, the respondents moved

to dismiss this action pursuant to Civ.R. 12(B)(6).[1] The relator filed a memorandum in opposition to the motions on November 21, 2024. For the reasons set forth in this decision, we will sustain the respondents' motions and dismiss this action.

## I.      Factual Background

{¶ 2}   Christopher Seelbaugh ("Seelbaugh") is the defendant in DR Court Case No. 2022 DR 00018. We take judicial notice that, on October 26, 2023, the DR Court entered a "Final Judgment and Decree of Divorce" in the case. The decree named the plaintiff, Seelbaugh's former spouse, the residential parent and legal custodian of the parties' minor children. The decree also ordered Seelbaugh to pay child support to the plaintiff monthly. The CSEA has assigned a unique 10-digit number to the child support order for enforcement purposes (SETS No. 7129730763). Seelbaugh did not appeal from the decree.

{¶ 3}   On March 12, 2024, the former spouse filed a motion for Seelbaugh to show cause why he should not be held in contempt of court for non-payment of child support. Beginning on June 12, 2024, Seelbaugh began referring to himself in DR Court filings as "Seelbaugh, Christopher Paul, a natural man, and third party with express and equitable interest" and "The CHRISTOPHER PAUL SEELBAUGH, Estate, a.k.a. CHRISTOPHER SEELBAUGH; a.k.a. SEELBAUGH, CHRISTOPHER." Seelbaugh challenged the DR Court's personal and subject-matter jurisdiction over "his privately held estates."

{¶ 4}   On August 5, 2024, the CSEA provided a "Notice to Obligor of Default and Potential Action" finding Seelbaugh in default of his child support obligation. The notice

---

[1] The DR Court's motion to dismiss identifies Judge Jennifer Petrella and Magistrate Andrew Root as respondents in this original action; however, the petition does not actually name them as respondents.

refers to both the DR Court and SETS case numbers. The notice provides information regarding Seelbaugh's right to an administrative hearing to contest the CSEA's determination.

{¶ 5} On August 13, 2024, a DR Court magistrate issued a "Magistrate's Decision" finding Seelbaugh in "indirect civil contempt of court for failure to pay child support and for failure to pay Plaintiff for her interest in real estate pursuant to the Final Judgment and Decree of Divorce." The magistrate's decision ordered Seelbaugh to serve a 30-day jail sentence and pay his former spouse $500.00 in attorney fees within 30 days. The magistrate's decision also set forth the conditions for purging the contempt finding, which included making a $500.00 payment to the CSEA within 30 days toward his child support arrearage.

{¶ 6} On August 27, 2024, Seelbaugh filed objections to the magistrate's decision pursuant to Civ.R. 53. The DR Court has not ruled on Seelbaugh's objections.

{¶ 7} On October 24, 2024, Seelbaugh, referring to himself as "Seelbaugh, Christopher Paul, natural man, private civilian, and Grantor/Trustee of The CHRISTOPHER PAUL SEELBAUGH, Revocable Living Trust … holder in due course of the CHRISTOPHER PAUL SEELBAUGH Estate," filed his "Petition for Writ of Prohibition" in this court. Seelbaugh subsequently amended the petition on November 21, 2024 pursuant to Civ.R. 15(A).

## II.     Law & Analysis

### A.  Elements and Civ.R. 12(B)(6) Standard of Review

{¶ 8} A writ of prohibition will lie to prevent the unauthorized exercise of jurisdiction in the future and to provide relief from prior judicial actions taken without jurisdiction. *State*

*ex rel. Reynolds v. Kirby*, 2023-Ohio-782, ¶ 9. To obtain the writ, a relator must establish by clear and convincing evidence: (1) a respondent's exercise of judicial power, (2) a lack of authority for the exercise of that power, and (3) an injury that would result from denial of the writ for which no adequate remedy exists in the ordinary course of the law. *Id*. If a respondent's lack of jurisdiction is patent and unambiguous, the relator need not establish the lack of an adequate remedy in the ordinary course of the law. *Id*.

{¶ 9} In reviewing a motion to dismiss pursuant to Civ.R. 12(B)(6), we presume that the factual allegations of the complaint are true and make all reasonable inferences in favor of the relator. *Id*. at ¶ 10. It must appear beyond doubt from the complaint that the nonmovant can prove no set of facts warranting relief to grant a motion to dismiss for failure to state a claim upon which relief can be granted. *Id*.

B. <u>The Nature of Seelbaugh's Challenges</u>

{¶ 10} We understand Seelbaugh's petition to raise two distinct challenges to the DR Court's subject-matter jurisdiction in Case No. 2022 CR 00018. First, Seelbaugh claims that the DR Court's contract with the CSEA to provide magistrate services in cases under Title IV-D of the Social Security Act "negates" the court's subject-matter jurisdiction in his divorce case because the court has a pecuniary interest in the matter. Seelbaugh appears to challenge the CSEA's administrative hearing process for the same reason. Second, Seelbaugh asserts that the proceedings in the DR Court:

> arise out of an inter vivos trust and involve the administration of estates and the care of minor beneficiaries; therefore, if this case *were* to be settled under the State of Ohio's jurisdiction, it would belong to the exclusive jurisdiction of the general and probate divisions of the court of common

pleas, not the domestic relations division.

Seelbaugh also asserts that he is beyond the personal jurisdiction of the DR Court because of "improper service [of the summons] being sent to the estate held in Trust instead of to Relator, who is a non-resident." In any event, after reviewing the petition and its attached exhibits, we determine that it is beyond doubt that Seelbaugh can prove no set of facts warranting relief for a variety of reasons.

### C. The DR Court Is Not Sui Juris

**{¶ 11}** First, Seelbaugh has named the DR Court as a respondent. A court of common pleas is not sui juris and cannot be sued. *State ex rel. Ames v. Portage Cty. Bd. of Commrs.*, 2021-Ohio-2374, ¶ 26. Accordingly, no writ of prohibition will issue against the DR Court.

### D. Seelbaugh's Sovereign Citizen Arguments Lack Merit

**{¶ 12}** Second, Seelbaugh's jurisdictional challenges, especially his challenge to the respondents' exercise of personal jurisdiction, are grounded in arbitrary distinctions among his "estate," his "trust," and his "natural person." In essence, Seelbaugh complains that the respondents have failed to entertain his preferred persona at the time and place of his choosing. We have seen such challenges before and recognized them as sovereign citizen-like. *See, e.g., In re S.H.O*, 2019-Ohio-645, ¶ 10 (2d Dist.) (argument that the juvenile court lacked jurisdiction to enter a child support order against an obligor who was "the sole beneficiary and paramount security interest holder to the property in collateral both registered and unregistered belonging to [name] the PERSON"). This court may reject sovereign citizen arguments summarily and we do so here. *See, e.g., State v. Few*, 2015-Ohio-2292, ¶ 6 (2d Dist.) (sovereign citizen theories "'are meritless and worthy of

little discussion'"), quoting *Dubose v. Kasich*, 2013 WL 164506, *3 (S.D.Ohio Jan. 15, 2013).

E. <u>The DR Court and the CSEA Have Subject-Matter Jurisdiction to Enforce Child Support Orders</u>

**{¶ 13}** Third, Seelbaugh cannot establish that the DR Court and the CSEA lack subject-matter jurisdiction over his child support obligation. "Subject-matter jurisdiction is a court's power over a type of case. It is determined as a matter of law and, once conferred, it remains." *Pratts v. Hurley*, 2004-Ohio-1980, ¶ 34.

**{¶ 14}** A "court of common pleas including divisions of courts of domestic relations, has full equitable powers and jurisdiction appropriate to the determination of all domestic relations matters." R.C. 3105.011(A). The term "[d]omestic relations matters" includes "[a]ctions and proceedings under Chapters 3105., 3109., 3111., 3113., 3115., 3119., 3121., 3123., 3125., and 3127. of the Revised Code," i.e., child support matters. R.C. 3105.011(B)(2). In divorce cases, "[u]pon satisfactory proof of the causes in the complaint for divorce, annulment, or legal separation, the court of common pleas shall make an order for the disposition, care, and maintenance of the children of the marriage, as is in their best interests, and in accordance with section 3109.04 of the Revised Code." R.C. 3105.21(A). In so doing, the "court of common pleas that makes or modifies an order for child support under this section shall comply with Chapters 3119., 3121., 3123., and 3125. of the Revised Code." R.C. 3105.21(C). Further, in cases in which shared parenting is not ordered, the court must allocate parental rights and responsibilities including "the responsibility to provide support for the children." R.C. 3109.04(A)(1). Therefore, the DR Court's subject-matter jurisdiction to order the payment of child support in Seelbaugh's case and to enforce its own orders, as challenged in the petition, is beyond doubt.

**{¶ 15}** So too, in Ohio, "[e]ach county shall have a child support enforcement agency." R.C. 3125.10. "The child support enforcement agency for a county is the local Title IV-D agency for the county and shall operate a program for support enforcement in the county that complies with Title IV-D of the "Social Security Act," 88 Stat. 2351 (1975), 42 U.S.C. 651, as amended, any rules adopted pursuant to that title, and state law." R.C. 3125.11. Further, "[e]ach child support enforcement agency shall be be [sic] responsible in the county it serves for the enforcement of support orders and shall perform all administrative duties related to the enforcement of any support order." *Id.* Thus, the CSEA is required to enforce child support orders in Montgomery County, Ohio, consistent with Title IV-D of the Social Security Act and state law. Under state law, the CSEA's enforcement mechanisms include identifying and investigating defaults, *see* R.C. 3123.03, as well as judicial or quasi-judicial activities such as conducting administrative hearings (if requested) after an obligor receives a default notice.[2] *See* R.C. 3123.04. Accordingly, it is beyond doubt that the CSEA may identify, investigate, and exercise quasi-judicial or judicial authority to determine whether a child support obligor is in default. Seelbaugh's petition raises no bona fide jurisdictional issue.

F. Seelbaugh Did Not Comply with Loc.App.R. 2

**{¶ 16}** Fourth, Seelbaugh filed his petition in this court without paying the security deposit and filing fee. Likewise, Seelbaugh did not attempt to establish by affidavit his

---

[2] We disagree with the Child Support Enforcement Agency's claim that it is incapable of exercising any judicial or quasi-judicial authority. *See, e.g., State ex rel. Martin v. Franklin Cty. Child Support Enforcement Agency*, 2005-Ohio-4569, ¶ 18 ("an action in prohibition can be maintained against" a child support enforcement agency).

inability to advance security. Seelbaugh's failure to make the required deposit provides separate and independent grounds for dismissal of this action. *See* Loc.App.R. 2 ("Failure to make the required deposit shall be grounds for dismissal of the appeal").

### III.    Conclusion

{¶ 17} For all the foregoing reasons, the respondents' November 6, 2024 motions to dismiss are SUSTAINED. This action, Montgomery County Appellate Case No. 30292, is DISMISSED. Writ of prohibition DENIED.

{¶ 18} Christopher Paul Seelbaugh shall be responsible for the costs of this action.

{¶ 19} SO ORDERED.

_____
CHRISTOPHER B. EPLEY, PRESIDING JUDGE

_____
JEFFREY M. WELBAUM, JUDGE

_____
MICHAEL L. TUCKER, JUDGE

To The Clerk: Within three (3) days of entering this judgment on the journal, you are directed to serve on all parties not in default for failure to appear notice of the judgment and the date of its entry upon the journal, pursuant to Civ.R. 58(B).


_Christopher B. Epley_
CHRISTOPHER B. EPLEY, PRESIDING JUDGE